JONES-BLAIR COMPANY *v.* Lucy HAMMETT
d/b/a Conway Carpets and Interiors

CA 94-949                                      911 S.W.2d 263

Court of Appeals of Arkansas
En Banc
Opinion delivered December 13, 1995

*Friday, Eldredge & Clark*, by: *Jeffrey H. Moore*, for appellant.

*Brazil, Clawson, Adlong, Murphy & Osment*, by: *Charles E. Clawson, Jr.*, and *Michael L. Murphy*, for appellee.

JAMES R. COOPER, Judge. This appeal results from a judgment entered in favor of the appellee and a subsequent order denying the appellant's motion for a new trial and extension of time in which to file an appeal. For reversal, the appellant argues that the trial court abused its discretion in denying its motion to extend the time in which to file an appeal, that the trial court erred in permitting its attorney to withdraw at trial, and that the evidence is insufficient to support the judgment. We affirm.

In January 1989, the appellant filed a complaint against the appellee to collect over $6,000.00 for paint and wall covering supplies sold to the appellee on an open account. The appellee

answered and counterclaimed alleging that the appellant had competed against her in violation of the parties' agreement and had tortiously interfered with her business relationships. The appellee sought damages in excess of $31,070.00. The appellant was initially represented by David Reynolds in this matter; however, Richard Atkinson was substituted as the appellant's attorney by an order filed on October 5, 1990. The case was subsequently set for trial on January 27, 1993.

On October 22, 1992, Mr. Atkinson wrote the appellant notifying it of the trial date. Mr. Atkinson requested that the appellant contact him as soon as possible to advise him how it wished to proceed. By a letter dated November 10, 1992, the appellant advised Mr. Atkinson that it had charged off the appellee's account in 1990 and further stated, "As for further litigation, we would have to have the particulars in regard to fees, court costs, etc. Thank you." On December 3, 1992, Mr. Atkinson responded by letter and advised the appellant that there was still an active case in Faulkner County on the appellee's counterclaim. Mr. Atkinson's letter went on to state:

> Even if you dismiss your suit against Ms. Hammet, she is not willing to dismiss the counterclaim. If you do not authorize me, or retain other counsel and appear on the 27th of January, the judge will enter a default judgment against Jones-Blair.

> My fee is $100.00 per hour. If I do not hear from you within a reasonably short period of time, I will ask the court for permission to withdraw as your attorney of record in this case.

Mr. Atkinson did not receive a response to this letter nor did he have any further contact with the appellant until after the trial. The appellant contends that it never received Mr. Atkinson's December 3rd letter.

At the beginning of the trial on January 27, 1993, Mr. Atkinson was allowed to withdraw as counsel for the appellant and leave the courtroom. No one else was present to represent the appellant. The trial court then dismissed the appellant's complaint against the appellee and proceeded to trial on the appellee's counterclaim. A judgment against the appellant in the amount of

$39,819.90 was entered on January 28, 1993. The appellee's attorney mailed a copy of the judgment to the appellant but it was returned "undeliverable." A copy of the judgment was also sent to Mr. Atkinson; however, he did not notify the appellant of the entry of the judgment nor did he inform the appellant that he had been permitted to withdraw as counsel.

The appellant learned of the judgment entered against it on May 19, 1993. On June 25, 1993, the appellant filed a petition to set aside the judgment which was denied by the trial court on August 6, 1993.

The appellant did not appeal from the denial of its petition; however, on August 17, 1993, it filed a motion for an extension of time in which to file an appeal from the judgment. While this motion was pending, the appellant on September 27, 1993, filed another motion to set aside the judgment pursuant to Rule 60(c) of the Arkansas Rules of Civil Procedure.

On February 9, 1994, a hearing was held on the appellant's motions at which time the appellant was allowed to present evidence in defense of the appellee's counterclaim. The trial court denied the appellant's motions in an order entered June 7, 1994. In its order, the trial court stated:

> Jones-Blair Company was negligent in failing to show up for trial, and that negligence continued after the trial, until it became aware of the Judgment and took some action to set it aside. Considering [appellant's] letter of November 10, 1992, and Mr. Atkinson's letter of December 3, 1992, Mr. Atkinson was not required to take any more reasonable steps to comply with Rule 64 of the Arkansas Rules of Civil Procedure.

On appeal, the appellant first contends that the trial court abused its discretion in denying its motion to extend the time in which to file an appeal. Rule 4(a) of the Arkansas Rules of Appellate Procedure provides:

> (a) *Time for Filing Notice.* Except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from . . . Upon a showing of failure to receive notice of entry of the judgment,

decree or order from which appeal is sought, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed sixty (60) days from the expiration of the time otherwise prescribed by these rules. Such an extension may be granted before or after the time otherwise prescribed by these rules has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

The appellant relies on the Reporter's Note to the 1986 amendment to Rule 4 which states:

*Additional to Reporter's Note, 1986 Amendment:* Rule 4(a) is amended to empower the trial court to extend the time for filing a notice of appeal when the party has not received notice of the entry of the judgment or order from which he seeks to appeal. The amendment represents a narrow exception to the rule that the filing of a notice of appeal is jurisdictional and, unless timely filed, there can be no appeal. *White* v. *Avery*, 226 Ark. 951, 291 S.W.2d 364 (1956). The change was deemed necessary to ensure fairness when counsel has not received notice of the entry of the judgment or other appealable order. *Cf. Karam* v. *Halk*, 260 Ark. 36, 537 S.W.2d 797 (1976). Although under long-standing Arkansas custom opposing counsel have been given an opportunity to approve a judgment or order prepared by opposing counsel, circumstances have arisen where counsel did not receive that opportunity and did not otherwise receive notice that a judgment had been entered.

The appellant asserts that Rule 4(a) allows the trial court to extend the period to file an appeal beyond ninety days when the appellant can show that it did not have notice that the judgment from which it seeks to appeal had been entered. The appellant contends that, because the trial court found that it did not have notice of the judgment until more than ninety days after it had been entered, the trial court abused its discretion in denying it an extension of time in which to appeal the judgment.

It is undisputed the appellant did not receive notice of the entry of the judgment until after ninety days from the entry of the judgment. However, under the plain language of Rule 4(a),

upon a showing that the appellant failed to receive notice of the entry of judgment, the trial court could have extended the time in which to file an appeal not to exceed sixty days from the date the appeal should have been filed. Thus, under Rule 4, the trial court in the case at bar did not have jurisdiction to act more than sixty days after the notice of appeal was due. Therefore, we find no error by the trial court in denying the appellant's motion to extend the time in which to file an appeal. Given our resolution of this issue, the merits of the judgment are not properly before us, and we therefore do not address the appellant's argument that the evidence is insufficient to support that judgment.

The appellant also argues that the trial court erred in permitting Richard Atkinson to withdraw as its attorney on the day of trial. The appellant asserts that because of this error, the judgment should be set aside pursuant to Ark. R. Civ. P. 60(c)(1) where the grounds for a new trial are discovered after the expiration of ninety days after filing the judgment. The appellant's ground for a new trial is based upon Ark. R. Civ. P. 59(a)(1) which permits a new trial where there is any irregularity in the proceedings or any order of the court or abuse of discretion by which the party was prevented from having a fair trial. The appellant contends that permitting its attorney to withdraw in the face of the pending counterclaim resulted in prejudice and was such an "irregularity" as to prevent it from having a fair trial.

The appellant argues that *Diebold* v. *Myers General Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987), requires that the appellee's judgment be set aside. However, we think that *Diebold* instead supports the trial court's actions. In *Diebold*, the Supreme Court held that the appellant was not entitled to have a judgment against her set aside under Rule 60(c) because she was negligent in failing to keep herself informed of the suit against her. Furthermore, a party cannot invoke the aid of the appellate court under Rule 60(c) when the party ignored the action and failed to stay informed. *See CMS Jonesboro Rehabilitation, Inc.* v. *Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991). A litigant is required to take notice of all proceedings during the pendency of an action to which it is a party. *Karam* v. *Halk*, 260 Ark. 36, 537 S.W.2d 797 (1976). The burden of showing unavoidable casualty and that appellant was diligent and without negligence rests with appellant. *Id.*

■ Our review of the record leads us to conclude that the appellant has failed to sustain that burden in the case at bar. The appellant had been aware of the pending counterclaim against it since 1989 and was aware of the trial date as early as Mr. Atkinson's letter of October 22, 1992. The appellant responded to the October 22 letter but made no further attempts to contact its attorney or to inquire about the status of the litigation. The appellant did not appear for trial nor did it inquire regarding the results of the trial. The trial court specifically found that the appellant was negligent in failing to appear for trial, that the negligence continued after trial until it became aware of the judgment, and that the appellant was negligent in not being aware of the entry of judgment.

■■ Under these circumstances, we hold that the appellant's negligence in failing to stay informed of the progress of the litigation precludes entitlement to a new trial under Rule 60(c). Finally, we note that the appellant, in its reply brief, suggests that it will be denied due process of law unless it is permitted to appeal. We do not reach this issue because it has been raised for the first time on appeal. *Hodges* v. *Gray*, 321 Ark. 7, 901 S.W.2d 1 (1995).

Affirmed.

MAYFIELD and ROGERS, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. Although the opinion agreed to by the majority of this court appears to have reached the right result as to the appellant's motion to extend the time to appeal, I cannot agree with the majority opinion's holding that the trial court did not err in failing to grant the appellant's motion to vacate the trial court's judgment, entered on January 28, 1993, and grant appellant a new trial under the authority of Ark. R. Civ. P. 60(c)(1).

The majority opinion recognizes that our supreme court in *Diebold* v. *Myers General Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987), considered the issue of whether the appellant there was entitled to relief under Rule 60(c) based upon the contention that the trial court erred in allowing the appellant's attorney to withdraw in violation of Ark. R. Civ. P. 64. However, the majority opinion notes that *Diebold* did not grant the appellant relief

in that case because "she was negligent in failing to check on or show any interest whatever in the suit against her of which she had been given notice." The majority opinion then points out that the trial judge made a similar finding in the present case, and after a brief review of the evidence the majority opinion affirms the trial court's decision.

My view of the evidence and the law in this case reaches a completely opposite conclusion, although it requires a more detailed explanation. An important consideration, however, is what the court in *Diebold* said was "the most troublesome aspect of this case," and this concerns Ark. R. Civ. P. 64, which governs the conditions under which an attorney may be granted permission to withdraw from representation of a party in a case in court.

The appellant's argument on its Rule 60(c) motion begins as follows:

> [Appellant] moved pursuant to Rule 60(c)(1) to set aside the Judgment where the grounds for new trial "were discovered after expiration of ninety (90) days after the filing of the Judgment." [Appellant's] ground for new trial was based upon Rule 59(a)(1) which permits a new trial where "any irregularity in the proceedings or any order of the court or abuse of discretion by which the party was prevented from having a fair trial." [Appellant] contends that permitting its attorney to withdraw in the face of the pending counterclaim upon which the trial court was about to hear evidence resulted in prejudice to [appellant] and was such an "irregularity" as to prevent [appellant] from having a fair trial. . . . In any event, the trial court did not satisfactorily comply with Rule 64 and summarily permitted Richard Atkinson to withdraw.

In an order entered June 7, 1994, the trial court denied both the motion to extend appeal time and the motion to vacate judgment and grant a new trial. The court based its action upon the finding that "the appellant was negligent in failing to show up for trial, and that negligence continued after trial until it became aware of the judgment, and took some action to set it aside." The court also found that Mr. Atkinson took reasonable steps to withdraw as appellant's attorney. Under the applicable law, I do not think those findings are supported by the evidence. I think the trial

court erred in allowing appellant's counsel to withdraw on the day of the trial at which the appellee obtained judgment for $39,819.90 on her counterclaim against the appellant. And I do not think the appellant was guilty of such negligence that the judgment should not be vacated and the appellant granted a new trial.

The record as abstracted by the appellant shows that Attorney David Reynolds filed this suit for the appellant in January of 1989. The appellant is located in Dallas, Texas, and the suit was filed to collect for material it had sold to appellee. On October 5, 1990, Richard Atkinson was substituted by court order as appellant's attorney. On October 22, 1992, Atkinson wrote appellant notifying it that he had "inherited the case from a former partner"; that the case was set for trial on January 27, 1993; and asking that appellant "contact me as soon as possible to let me know how you wish to proceed." On November 10, 1992, appellant responded to Atkinson's letter asking for particulars in regard to further litigation because it had charged off appellee's account. On December 3, 1992, Atkinson wrote appellant notifying it of the trial date and the possibility of a default judgment on the counterclaim filed against it by the appellee. Although appellant did not respond to this letter, appellant says it never received the letter; there is nothing in the record to show it was received; and there was no finding by the trial court that it was received. In fact, at one place in the trial court's order entered June 7, 1994, from which this appeal comes, the court states "there is some question whether Jones-Blair Paint Company [appellant] actually received the letter dated December 3, 1992," but at another point in that order the court states that Atkinson and the appellant "have both now testified that there was no communication between [them] other than the letters of October 22, 1992, and the letter of November 10, 1992, and Mr. Atkinson's letter of December 3, 1992, which Jones-Blair did not receive."

Thus it appears that the trial court specifically found that the appellant did not receive the letter of December 3, 1992. And at a hearing on the motions involved in this appeal, held February 9, 1994, Atkinson said that he received a letter from appellant stating it was not aware of the counterclaim; and that, other than the letter dated December 3, 1992, he took no steps prior to trial to protect appellant's rights.

Now it should be remembered that the majority opinion does not approve of the trial court's granting the attorney's motion to withdraw, made on the day of trial, but holds only that the trial court did not err in refusing to vacate its judgment by granting appellant a new trial under the authority of Ark. R. Civ. P. 60(c)(1). And, as stated above, the majority opinion bases that holding on the trial court's finding that the appellant was "negligent in failing to show up for trial, and that the negligence continued after trial until it became aware of the judgment, and took some action to set it aside." (The majority opinion does not quote this specific language of the trial court's finding.) But before the trial court's finding is examined more closely, I think we should look, as did the court in *Diebold*, at the matter of the court's permission to let appellant's attorney withdraw from the case.

Arkansas Rule of Civil Procedure 64(b) contains the following requirement:

> (b) A lawyer may not withdraw from any proceeding or from representation of any party to a proceeding without permission of the court in which the proceeding is pending. Permission to withdraw may be granted for good cause shown if counsel seeking permission presents a motion therefor to the court showing he (1) has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel: . . . .

When we view this matter in light of the above rule, I think it is evident that the trial court erred in allowing Mr. Atkinson to withdraw on the day of the trial. Obviously, if the appellant had received Atkinson's letter of December 3, 1992, the attorney's withdrawal without any attempt to defend the counterclaim at the trial on January 27, 1993, would present a different situation. But the trial judge's order clearly shows that he did not think that the appellant had received Atkinson's letter of December 3, 1992, and the record certainly supports that belief. Rule 64(b) requires good cause for permission to withdraw but beyond that — it requires that counsel show he "has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, *including* due notice to his client, . . . ." (Emphasis added.) Notice is *not* enough — reasonable steps to avoid foreseeable prejudice

to the rights of the client *must also* be shown to the court. The truth of the matter is that here no such showing was made, and it was obvious that the appellee would get a judgment on her counterclaim if the appellant's attorney was allowed to withdraw on the day of trial.

Although I agree that this appeal turns on the trial court's holding that the appellant was negligent in keeping up with its case, I also think that issue is affected in this case by the court's granting appellant's attorney permission to withdraw. This is exactly the point of difference between this case and the *Diebold* case. In that case the court specifically stated, "Even if the judge had overruled Mr. Hickman's motion to withdraw, Mrs. Diebold would have been no better off, as she was unaware of the proceedings and Mr. Hickman was unavailable." 292 Ark. at 462, 731 S.W.2d at 187. There, when Mrs. Diebold was served with the summons she turned the matter over to her son who hired Mr. Hickman's law firm to file an answer. Hickman testified that he had sought on numerous occasions to discuss the case with Mrs. Diebold and her son, but he was unable to reach her by telephone or through other attorneys and her son had simply "disappeared."

However, in the instant case, even though Atkinson's letter of December 3, 1992, was not received, if he had not been given permission to withdraw he would have under the rules of procedure been furnished a copy of the judgment and would have been obligated to inform his client of the judgment. As it was, counsel for the appellee sent a copy to the appellant but because it was not correctly addressed it was returned undelivered. Appellee's counsel then sent another letter to the appellant, but this was after the expiration of 90 days from the date of the entry of the judgment. Thus, appellant did not learn of the entry of the judgment in time to file a motion for new trial under Ark. R. Civ. P. 59, for relief under Ark. R. Civ. P. 60(a) or (b), or even to file a notice of appeal. Moreover, had Atkinson not been allowed to withdraw he could have asked for a continuance, could have objected to the evidence the appellants say was hearsay, and could have cross-examined the appellee's witnesses. What benefit this would have is problematical, of course, but it surely would be better than not having any representation during the trial.

The majority opinion cites two other cases as support for

its affirmance of the trial court's holding that the appellant was negligent in keeping up with this case.

In *CMS Jonesboro Rehabilitation, Inc.* v. *Lamb*, 306 Ark. 216, 812 S.W.2d 472 (1991), the appellees perfected service upon the appellant's registered agent who forwarded the complaint and summons to the appellant. Appellant contacted its insurance carrier which initially agreed to defend the action, but subsequently reneged. Appellant's general contractor agreed to assume the defense, but failed to do so. Appellant did nothing to assure the contractor was indeed defending the suit and after four and one-half months a default judgment was entered against appellant. The issue, however, was whether the default judgment should be set aside for unavoidable casualty or excusable neglect. The issue in the instant case is not the same.

And in *Karam* v. *Halk*, 260 Ark. 36, 537 S.W.2d 797 (1976), the trial court sent the attorneys a memorandum stating its findings and fixing damages, but the appellants and their attorneys failed to make inquiry or take steps to learn whether judgment had been entered until writs of execution and garnishment were issued. The trial court's refusal to set aside the judgment was affirmed on the basis that appellants did not show that their failure to learn that judgment had been entered was not due to their own negligence. In the instant case, the appellant has shown that the entry of the judgment and the delay in knowing about it was due, at least in part, to the trial court's grant of permission for appellant's attorney to withdraw from the case.

In summary, I believe that under the law and the evidence in this case, the trial court erred in allowing the appellant's attorney to withdraw on the day of the trial, and this resulted in the judgment on the appellee's counterclaim. While it is reasonable to believe that the appellant could have been more diligent in keeping up with this case, I do not believe it was negligent to the degree that the judgment against it should not be set aside under Ark. R. Civ. P. 60(c)(1). It must surely be proper to consider the obligations of both the client and the attorney in a situation such as we have here. In *Diebold* the Arkansas Supreme Court said our Civil Procedure Rule 64 "has its basis in what is now called the Code of Professional Responsibility." The Code's Rule 1.16 and Civil Procedure Rule 64 both have specific requirements for attor-

neys to meet before withdrawing from representation of their clients. Judges have the duty to see that the requirements set out in Rule 64 have been met before granting an attorney permission to withdraw from a case pending in court. When the duty of the client to keep informed about his case and the duty of the court to enforce the requirements of Rule 64 are both considered, I think the court erred, under the factual circumstances here, in granting permission for the appellant's attorney to withdraw from this case.

Therefore, I would reverse and remand this case for a new trial.

Rogers, J., joins in this dissent.