Cindy REAVES *v.* FARM BUREAU INSURANCE
COMPANY of Arkansas, Inc., and
Southern Farm Bureau Casualty Insurance Company

98-1528                                        984 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered January 28, 1999

*Gibson Law Office,* by: C. S. "Chuck" Gibson II, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.,* by: *David M. Donovan,* for appellees.

P ER CURIAM. Appellant Cindy Reaves moves for a rule on the clerk and shows this court that on February 17, 1998, an order was entered granting summary judgment in favor of appellees Farm Bureau Mutual Insurance Company of Arkansas, Inc., and Southern Farm Bureau Casualty Insurance Company. Copies of the order were shown on the order as going to counsel for the parties. On July 16, 1998, Farm Bureau's counsel wrote the trial court concerning the status of the summary-judgment matter. On August 28, 1998, Reaves moved for an enlarge-

ment of time of thirty days in which to file her appeal because she failed to receive a copy of the summary-judgment order until July 27, 1998. On September 8, 1998, the trial court entered an order enlarging the time for Reaves to file her notice of appeal to September 28, 1998. Reaves filed her notice of appeal on September 10, 1998. On December 10, 1998, Reaves tendered her record in this matter, and the Supreme Court Clerk refused to file it as untimely.

Rule 4(a) of the Rules of Appellate Procedure—Civil reads in pertinent part:

> Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought, the trial court may extend the time for filing the notice of appeal by any party for a period not to exceed sixty (60) days from the expiration of the time otherwise prescribed by these rules. Such an extension may be granted before or after the time otherwise prescribed by these rules has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

In the instant case, time for appealing the order of summary judgment entered on February 17, 1998, expired on March 19, 1998. Sixty days from that date ended on May 18, 1998. No motion for enlargement of time was filed until August 28, 1998, and the notice of appeal was not filed until September 10, 1998. The notice of appeal was filed two hundred and five days after the order of summary judgment was entered.

As we said in *Miller v. King*, 322 Ark. 819, 912 S.W.2d 416 (1995) (*per curiam*), the appellant bears the responsibility of being aware of proceedings and filing a timely notice of appeal. Under Rule 4(a), the trial court lost jurisdiction to enlarge the time after the sixty-day period had run, and that date was May 18, 1998.[1]

[1] Motion denied.

GLAZE and IMBER, JJ., not participating.

---

[1] We note that even under the amended Rule 4 of the Rules of Appellate Procedure-Civil, which was adopted this date and which does not apply to this case, Reaves's motion to enlarge time was not filed within 180 days of the entry of the summary-judgment order.