OAK HILL MANOR, LLC *v.*
ARKANSAS HEALTH SERVICES AGENCY
and Arkansas Health Services Commission;
Beverly Enterprises–Arkansas, Inc.

CA 00–170                                    37 S.W.3d 681

Court of Appeals of Arkansas
Division I
Opinion delivered February 21, 2001

*Cross, Gunter, Witherspoon & Galchus, P.C.,* by: *Scotty M. Shively* and *Janie W. McFarlin,* for appelllant.

*Mark Pryor,* Att'y Gen., by: *Warren T. Readnour,* Ass't Att'y Gen., for appellees Arkansas Health Services Commission and Arkansas Health Services Agency.

*Rose Law Firm, A Professional Association,* by: *Richard T. Donovan,* for appellee Beverly Enterprises-Arkansas, Inc.

JOHN E. JENNINGS, Judge. The appellee, Beverly Enterprises-Arkansas, Inc., sought approval from the Arkansas Health Services Commission to build a new nursing home on land adjacent to a nursing home owned by appellant, Oak Hill Manor. The Commission eventually approved the request and Oak Hill appealed to Pulaski County Circuit Court. The case was set for hearing on February 26, 1999, and the court subsequently entered an order affirming the decision of the Commission.

On appeal from circuit court, Oak Hill raises two points for reversal: (1) the trial court erred in affirming the Commission's decision allowing Beverly Enterprises to move its site location for an existing permit of approval without seeking formal review by the Commission, and (2) that the Commission acted arbitrarily and capriciously when it failed to apply one of its own regulations. We do not reach the merits of either argument because we have concluded that appellant's notice of appeal was not timely filed and that we therefore lack jurisdiction.

After the February 26, 1999, hearing the circuit judge took the case under advisement. Sometime in March the judge decided the case and telephoned counsel for Beverly Enterprises, the prevailing party, to ask him to prepare a memorandum opinion and

order affirming the Commission's decision. Counsel did so and sent the draft to the trial judge without sending a copy to counsel for Oak Hill Manor. The court signed the order and entered it on March 29, 1999. Neither party was aware the order had been filed.

Sometime in October 1999, counsel for the appellant discovered that the order had been entered and asked the trial court for a hearing. At the hearing held on October 19, 1999, this transpired:

> THE COURT: March 29th. I had sometime prior to that point decided — made my decision in the case and as I normally do, I call the winning party and ask him to submit an order reflecting the Court's decision, which Mr. Donovan did. And then somehow or another, the order never got circulated. And, Rick, I don't think you ever got a copy of it, did you?
>
> MR. DONOVAN: I did not sir.
>
> THE COURT: I assume that I just signed it and sent it downstairs to the clerk's office and it was entered. And because of that, you did not get an opportunity to file your notice of appeal and that's wrong. So I am attempting to correct that now and I may be just trying to do some equity that I'm unable to do, but I am going to do what I think is right, and that is I'm going to set aside that order of March whatever it was. And that, I guess, an appealable order since more than 90 days has passed, or 120, whichever it is. But that's just not right to do it that way. I am not going to change my opinion. My decision will be the same. But in any event, there will now at least be an opportunity for an appeal.

The trial court then entered a duplicate order on October 19, 1999, and Oak Hill filed its notice of appeal on November 16, 1999.

■ The timely filing of a notice of appeal is, of course, essential to our jurisdiction. *See LaRue v. LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). The issue here is whether the trial court had jurisdiction to enter the October 19, 1999, order so as to permit Oak Hill to perfect its appeal. Appellee's argument that the notice of appeal was not timely filed is based on Rule 4(b)(3) of the Rules of Appellate Procedure—Civil:

> Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought and a determination that no party would be prejudiced, the trial court may, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of appeal for a period of

fourteen (14) days from the date of entry of the extension order. Notice of any such motion shall be given to all other parties in accordance with Rule 5 of the Arkansas Rules of Civil Procedure.

This version of Rule 4(b)(3) was adopted by a supreme court per curiam order dated January 28, 1999, and was in effect at the time of the proceedings in the trial court. The reporter's notes to the revised rule state, in pertinent part:

> Paragraph (b)(3) is a revised version of a provision previously found in subdivision (a), under which a party who did not receive notice of the judgment or order that he or she wished to appeal could obtain an extension from the trial court 'for a period not to exceed sixty (60) days from the expiration of the time otherwise prescribed by these rules.' This rule proved restrictive in operation. *See, e.g., Jones-Blair co. v. Hammett*, 51 Ark. App. 112, 911 S.W.2d 262 (1995), *rev'd on other grounds*, 326 Ark. 74, 930 S.W.2d 335 (1997); *Chickasaw Chemical Co. v. Beasley, supra.* Accordingly, paragraph (b)(3) expands the period during which an extension may be sought. The trial court may extend the time for filing the notice of appeal 'upon motion filed within 180 days of entry of the judgment, decree, or order.' If such an extension is granted, the notice of appeal must be filed within fourteen days from the date on which the extension order is entered. These time frames are taken from the corresponding federal rule. *See* Rule 4(a)(6), Fed. R. App. P.

If the case is governed by Rule 4(b)(3), clearly the notice of appeal was not timely filed. *See Jones-Blair Co. v. Hammett*, 51 Ark. App. 112, 911 S.W.2d 263 (1995).

Oak Hill's counterargument is based on Rules 58 and 60 of the Arkansas Rules of Civil Procedure. Rule 58 provides, in part:

> Subject to the provisions of Rule 54(b), upon a general or special verdict, or upon a decision by the court granting or denying the relief sought, the court may direct the prevailing party to promptly prepare and submit, for approval by the court and opposing counsel, a form of judgment or decree which shall then be entered as the judgment or decree of the court. The court may enter its own form of judgment or decree or may enter the form prepared by the prevailing party without the consent of opposing counsel.

Appellant points to the reporter's note to Rule 58 which states, "implicit in this rule is the right of opposing counsel to be afforded an opportunity to approve the form of judgment or

decree." Rule 60(c)(4) provides that the trial court may vacate or modify an order for misrepresentation or fraud ("whether heretofore denominated intrinsic or extrinsic") by an adverse party, even after the expiration of ninety days. Oak Hill does not contend that actual fraud was practiced but relies on *Davis v. Davis*, 291 Ark. 473, 725 S.W.2d 845 (1987), for the proposition that, under certain circumstances, "constructive fraud" may be sufficient for the trial court to act under Rule 60(c)(4). We have concluded that the appellee's position is correct.

*Zimmer St. Louis, Inc. v. Zimmer, Co.*, 32 F.3rd 357 (8th Cir. 1994), is virtually identical to the case at bar and the reasoning of the Eighth Circuit Court of Appeals is persuasive. In *Zimmer* one of the parties was unaware that the court had signed an order and subsequently the trial court entered a duplicate order to permit the appeal. The trial court's action was based on Rule 60(b)(6) of the Federal Rules of Civil Procedure which allows a trial court to "relieve a party... from a final judgment," upon motion, for "any reason [other than those specified in another section of the rule] justifying relief from the operation of the judgment." *Zimmer*, 32 F.3d at 359. The question in *Zimmer* was whether the case was governed by Rule 4(a)(6) of the Federal Rules of Appellate Procedure.

The court in *Zimmer* held that the notice of appeal was not timely filed and that it lacked jurisdiction to hear the appeal. The court said:

> According to the Notes of the Advisory Committee on Appellate Rules, the purpose of the 1991 amendment was to provide 'a *limited* opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk pursuant to [Fed.R.Civ.P. 77(d)], is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal' (emphasis supplied). The Notes of the Advisory Committee on Appellate Rules further remark that the 180-day deadline 'establishes an *outer* time limit ... for a party who fails to receive timely notice of a judgment' (emphasis supplied).
>
> It is our view that the 1991 amendment was designed to respond to the circumstances that had prompted courts to use Fed.R.Civ.P. 60(b)(6) to circumvent the deadlines specified by Fed.R.App.P. (4)(a)(5). Other courts and commentators have so concluded as well. [Citations omitted.]

. . .

It therefore appears that the plain language of both Fed.R.App.P. 4(a)(6) and Fed.R.Civ.P. 77(d) addresses specifically the problem of lack of notice of a final judgment. That specificity, in our view, precludes the use of Fed.R.Civ.P. 60(b)(6) to cure problems of lack of notice. Since that language also delineates a specific period during which the period for appeal may be reopened, moreover, we conclude that the district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period, even if the appellant does not receive notice until that period has expired. Profession Siegel, commenting on the 1991 amendment to Fed.R.App.P. 4(a), agrees. *See* D. Siegel, *The Recent Changes*, 142 F.R.D. at 378.

*Zimmer*, 32 F.3d at 360.

■ We do not believe that the supreme court's decision in *Davis, supra*, requires a different conclusion. First, just as we did in *State Office of Child Support Enforcement v. Offitt*, 61 Ark. App. 207, 966 S.W.2d 275 (1998), we conclude that *Davis* is distinguishable on its facts. Second, *Davis* must be read in the light of the 1999 amendment to Rule 4(b)(3) of the Rules of Appellate Procedure. *See also Reaves v. Farm Bureau Mutual Ins. Co.*, 336 Ark. 269, 984 S.W.2d 447 (1999).[1]

■ Our conclusion is that the trial court was without jurisdiction to enter the October 19, 1999, order. Therefore, the notice of appeal was not timely filed, and we lack jurisdiction.

Appeal dismissed.

CRABTREE and ROAF, JJ., agree.

---

[1] After Reaves' motion for a rule on the clerk was denied, she obtained an order from the trial court setting aside its first order under Rule 60 and on reentry of an identical order, again took an appeal. Farm bureau then filed a motion to dismiss and we certified the case to the supreme court. On April 27, 2000, that court granted the motion, dismissing the appeal.