Jimmie Lee BARNETT, *et al. v.*
MONUMENTAL GENERAL INSURANCE CO.

CA 01-1401                                              97 S.W.3d 901

Court of Appeals of Arkansas
Divisions II, III, and IV
Opinion delivered February 12, 2003

*McHenry & McHenry Law Firm*, by: *Donna McHenry, Robert McHenry*, and *Gregory D. Taylor*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C*, by: *Leigh Anne Shults* and *Stephanie M. Irby*, for appellee.

L ARRY D. VAUGHT, Judge. Appellant brings this appeal from an order of summary judgment in favor of appellee. For the reasons that follow, we dismiss the appeal.

A notice of appeal should be filed within thirty days after the entry of the judgment. Ark. R. App. P.—Civ. 4(a). If it is shown that a party failed to receive notice of the judgment, the trial court may grant a fourteen-day extension. However, the extension must be requested within 180 days of the entry of the judgment. Ark. R. App. P.—Civ. 4(b)(3).

In the present case, the trial court held a hearing on a motion for summary judgment in 1996. Years passed, and an order granting summary judgment was entered on May 25, 2000. The parties, apparently, were unaware that the order had been entered. Consequently, the time allowed for filing a notice of appeal or extension expired.

When the appellants discovered that an order had been entered and the time for filing a notice of appeal had expired, they moved to vacate the judgment. Consequently, the trial court entered a *new* order granting summary judgment, identical to the previous one in all respects except for date, on July 20, 2001. Appellants then filed a notice of appeal from that order.

The determining question on appeal is whether the trial court had the authority to issue the duplicate order on July 20, 2001. It did not. An identical question was presented in *Oak Hill Manor v. Arkansas Health Servs. Agency*, 72 Ark. App. 458, 37 S.W.3d 681 (2001). There neither party was aware that an order had been entered. Despite this, we held that the trial court lacked jurisdiction to enter a duplicate order to permit the filing of a notice of appeal after the 180-day deadline had expired. In so doing we relied on and quoted authority concerning the analogous federal rules for the proposition that the 180-day deadline in

Rule 4 cannot be extended by use of Rule 60 to cure problems of lack of notice.

■ ■ *Oak Hill Manor* stands for the proposition that problems relating to lack of notice that an order has been filed are controlled entirely by Rule 4(b)(3) and that Rule 60 is simply inapplicable.[1] Consequently, we hold that the trial court lacked authority to set aside his original order and enter the duplicate order, and we must therefore dismiss this appeal.

Appeal dismissed; cross-appeal dismissed as moot.

STROUD, C.J., ROBBINS, and CRABTREE, JJ., agree.

PITTMAN and BIRD, JJ., concur.

HART, GRIFFEN, and ROAF, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, concurring. I think that this case should have been certified to the Arkansas Supreme Court because it presents questions involving the interpretation or construction of rules promulgated by that court. However, this court declined to do so, and therefore I will vote in the case. On the merits of the issues, I agree with the majority opinion that there was no evidence of clerical misprision in this case and that, in any event, problems relating to lack of notice that an order has been entered are governed by Ark. R. App. P.—Civ. 4(b)(3).

I write separately to point out that this case illustrates the very sort of problems that we unnecessarily cause when we refuse to certify to the supreme court clearly certifiable cases. One judge is critical of our decision in *Oak Hill Manor v. Arkansas Health Services Agency*, 72 Ark. App. 458, 37 S.W.3d 681 (2001), and

---

[1] The dissent argues that *Oak Hill Manor, supra*, was wrongly decided, and that it should not apply in this case because of a misprision by the clerk in failing to timely notify the parties when the order was entered. We have diligently examined the record and, although it is clear that there were irregularities in the entry of the judgment and the notification of the parties, there is nothing to show that these irregularities were the fault of the clerk, rather than of the trial judge and the postal service. As the dissent candidly notes, the judgment of May 25, 2000, was "inexplicably" entered. If there were in fact errors committed by the clerk in this case, they are not apparent of record.

appears disinclined to follow it in the future. He essentially argues that *Oak Hill Manor* has minimal precedential value because it has not been adopted by the supreme court. Several other judges take issue with the majority positions both as to the proper construction to be given Ark. R. App. P.—Civ. 4(b)(3) and Ark. R. Civ. P. 60 and as to the extent of the holding in *Oak Hill Manor*. To my mind, it is unreasonable to make these arguments unless one is willing to certify the case and allow the supreme court the opportunity to speak on the issue.

Moreover, I suggest that all of these problems could have been avoided if in 2001 we had certified the *Oak Hill Manor* case for the supreme court to declare what *its* rules were intended to mean, rather than attempting to divine that intention on the basis of cases interpreting analogous, but not identical, federal rules.

S AM BIRD, Judge, concurring. I agree with the majority that this appeal must be dismissed, but I write separately to express my agreement with the dissenting opinion that the remedy afforded by Ark. R. App. P. 4(b)(3) (authorizing the trial court, upon motion within 180 days, to extend the time to file a notice of appeal when a party does not receive notice of a judgment from which appeal is sought) does not preclude the trial court from granting the relief afforded under Ark. R. Civ. P. 60(c)(3) (authorizing the trial court to vacate or modify a judgment after ninety days where entry of the judgment resulted from misprisions of the clerk).

However, the record in this case is devoid of any suggestion that the filing of the judgment, or appellant's failure to receive notice of it, resulted from misprisions of the clerk. Thus, there is no basis under Rule 60(c) for the granting of relief to appellant in this case.

On the other hand, I believe that in a case where the evidence demonstrates that a party's failure to receive notice of a judgment resulted from misprisions of the clerk, the trial court would have authority, acting pursuant to Ark. R. Civ. P. 60(c)(3), to set aside a judgment, without regard for the 180-day limitation imposed by Ark. R. Civ. P. 4(b)(3). But this is not such a case.

WENDELL L. GRIFFEN, Judge, dissenting. I mean no disrespect to the judges who make up the majority in this decision or to those who decided *Oak Hill Manor v. Arkansas Health Servs. Agency*, 72 Ark. App. 458, 37 S.W.3d 681 (2001). Nevertheless, I am unable to agree with the decision to dismiss this appeal in accordance with the decision and reasoning in *Oak Hill Manor*. *Oak Hill Manor* was wrongly decided in reliance on a 1994 decision by the United States Court of Appeals for the Eighth Circuit that has not even been cited by our supreme court, let alone followed. Moreover, the trial court in this case had no reason to look to the Arkansas Rules of Appellate Procedure when it considered appellants' motion to vacate the May 25, 2000, judgment based on misprision by the court clerk. Thus, the decision to dismiss the appeal by relying on *Oak Hill Manor* is unwise.

Furthermore, the practical effect of the majority decision is to impose on these parties a judgment that was inexplicably entered by the court clerk without notice to the trial judge or parties more than three years after it was signed. If ever a case warranted a finding of misprision by the clerk, this is such a case. The trial court vacated the judgment pursuant to the motion by appellants according to Rule 60(c)(3) of the Arkansas Rules of Civil Procedure. We pervert the whole meaning of justice when we dismiss this appeal based on the notion that it was untimely filed when everything in the record indicates that not even the trial court knew that someone in the clerk's office entered a judgment granting Monumental's summary-judgment motion.

According to the majority opinion, this is simply a case where the time allowed for filing a notice of appeal or extension expired after the "parties, apparently, were unaware that the [summary judgment] order had been entered." Respectfully, I maintain that the facts of this case demonstrate much more fundamental problems which Rule 60(c)(3) — written for the express purpose of dealing with "misprisions of the clerk" — was plainly intended to address without regard for the extension language found in Rule 4(b)(3) of our Rules of Appellate Procedure. Those facts are also so different from the situation presented in *Oak Hill Manor* that even if that decision is considered correct, we should not deem it controlling on this case.

Monumental filed its motion for summary judgment on July 14, 1995. It appears that the trial court held a summary-judgment hearing on August 15, 1996, more than a year after it was filed. Copies of correspondence from counsel to the trial court's case coordinator indicate that there was considerable controversy in 1996 surrounding the summary-judgment motion, whether the trial court had granted the motion, and Monumental's effort to have an order entered granting its motion. Whatever else may be argued, the record contains an order apparently signed by the trial court on October 2, 1996, granting Monumental's motion for summary judgment. After appellants objected to the proposed order that the trial court signed, but which had not been entered, the trial court held a hearing on appellants' objections in November 1996 and told the parties he would try to render a decision as soon as possible. For reasons nowhere shown in the record, an order was filed by the court clerk on May 25, 2000, more than three and a half years after the October 2, 1996, date on which it was signed.

On September 4, 2000, appellants' counsel wrote the trial court requesting a hearing on "the summary judgment motion still pending before this Court in the above styled case." Separate counsel for appellants wrote the trial court's case coordinator another letter dated October 9, 2000, which contained this sentence: "Please set the above matter for a hearing on defendant's Motion for Summary Judgment at the Court's convenience." Counsel for Monumental wrote the case coordinator a letter dated October 31, 2000, asserting his recollection that "the Court granted summary judgment to Defendant from the bench on November 14, 1996, and that this case was dismissed with prejudice. . . . *If no order has been entered memorializing the Court's decision, I respectfully request that the Court enter an order at this time.*" (Emphasis added.)

I cannot tell when the trial court, let alone the parties, discovered the existence of the order signed on October 2, 1996, and entered by the clerk on May 25, 2000. Not even Monumental argues that the lawyers for appellants knew about that judgment in February 2001 when appellants' counsel wrote the trial court and asserted that they were informed "by this Court that a hearing was

not necessary and an order granting summary judgment *would be entered by the Court*." (Emphasis added.) Monumental does not even argue that the trial court knew the clerk had entered a judgment dated May 25, 2000, in February 2001.

Appellants filed their motion to vacate the order pursuant to Rule 60 of the Arkansas Rules of Civil Procedure on May 11, 2001. The opening sentence of the motion reads: "Ark. R. Civ. Proc. 60(c) provides for modifying or vacating judgments after 90 days of the filing of said judgment for misprisions of the clerk or constructive fraud." Monumental did not object to the motion as being untimely. It casually sidestepped appellants' contention that the order should have been vacated due to misprisions of the clerk pursuant to Rule 60(c)(3) by asserting that "Rule 60(c)(3) is facially alleged by counsel for Plaintiffs, but there is nothing to substantiate the allegation of improper activities within the clerk's office." Monumental contested appellants' Rule 60 motion by making the argument that appellants waived their right to appeal the summary judgment order when they failed to file a motion to extend the time for filing notice of appeal within 180 days of the judgment entered on May 25, 2000, as permitted by Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure.

*The trial Court did not abuse its discretion in granting appellants' motion to vacate the judgment entered on May 25, 2000*

Although the majority disposes of this appeal by holding that it is untimely under Rule 4 of the Rules of Appellate Procedure, the language of Rule 4(a) compels a different result. Rule 4(a) requires that a notice of appeal "be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." The short answer is that the notice of appeal in this case is not from the May 25, 2000, judgment but from the trial court's July 20, 2001, order granting summary judgment after it vacated the May 25, 2000, judgment. The proper inquiry as to the cross-appeal is whether the trial court abused its discretion when it granted appellants' motion to vacate the May 25, 2000, judgment based on allegations of misprisions of the clerk, not whether appellants filed an untimely notice of appeal.

Monumental relies, of course, on our recent decision in *Oak Hill Manor v. Arkansas Health Servs. Agency, supra.* In that case, we dismissed an appeal and held that a nursing home appellant's failure to timely file its notice of appeal within the time prescribed by Rule 4(b)(3) of the Rules of Appellate Procedure deprived the trial court of jurisdiction to vacate its judgment despite the fact that neither the appellant nor the opposing party knew that the trial court had previously entered judgment. *Id.* In doing so, the court in *Oak Hill Manor* was persuaded by the reasoning of the United States Court of Appeals for the Eighth Circuit in *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357 (8th Cir. 1994).

In *Zimmer*, one of the parties was unaware that the trial court had signed an order. *Zimmer, supra.* The trial court subsequently entered a duplicate order based on Rule 60(b)(6) of the Federal Rules of Civil Procedure. *Id.* The Eighth Circuit held that Rule 4(a)(6) of the Federal Rules of Appellate Procedure governed whether the notice of appeal filed after the trial court entered the duplicate order and that the 180-day deadline contained in that rule "establishes an outer time limit . . . for a party who fails to receive timely notice of a judgment." *Zimmer*, 32 F.3d at 360. Based on that reasoning, the Eighth Circuit in *Zimmer* concluded "that the district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific period [180 days], even if the appellant does not receive notice until that period has expired." *Zimmer*, 32 F.3d at 361. Persuaded by the Eighth Circuit's reasoning in *Zimmer*, our court dismissed the appeal in *Oak Hill Manor v. Arkansas Health Servs. Agency, supra.*

With all due respect to Judge Jennings, who authored the opinion in *Oak Hill Manor*, and to Judges Crabtree and Roaf, who joined the opinion, *Oak Hill Manor* was wrongly decided. The Arkansas Supreme Court has not reversed a single trial court decision to vacate a judgment pursuant to Rule 60 based on the reasoning advanced by the Eighth Circuit in *Zimmer* since *Zimmer* was decided in 1994. There is good reason why it has not done so. As the opinion in *Zimmer* makes clear, the Eighth Circuit concluded that the language and 180-day time period of Rule 4(a)(6) of the Federal Rules of Appellate Procedure was adopted to estab-

lish an outer limit for federal trial courts in exercising discretion on whether to vacate judgments under Rule 60 of the Federal Rules of Civil Procedure.

However, the Reporter's Notes to Rule 60 of the Arkansas Rules of Civil Procedure, as modified by the Arkansas Supreme Court, state that our Rule 60 is "substantially different from FRCP 60." According to the Reporter's Notes to ARCP 60, the aim of our supreme court in adopting the rule was to "make the same provision for *relatively unlimited control of judgments by circuit courts as that made for chancery courts. . . .*" (Emphasis added.) Contrary to the Eighth Circuit's decision in *Zimmer* and the opinion of our court in *Oak Hill Manor,* our supreme court has never held that the 180-day time period prescribed at Rule 4(b)(3) of the Arkansas Rules of Appellate Procedure was adopted to define the outer limit for state trial court discretion in considering motions to vacate judgments under ARCP 60. The only thing that Rule 4(b)(3) addresses is a trial court's power to extend the time to file a notice of appeal. Rule 4(b)(3) does not refer to Rule 60 of the Rules of Civil Procedure in any way.

However, even if one agrees that the decision in *Oak Hill Manor* was correct, that decision should not be considered controlling precedent involving a question of misprisions by the court clerk. Rule 60(c)(3) provides no definition for "misprisions of the clerk" and I have found no definition in Arkansas case law. However, misprision has been defined as "maladministration of public office; neglect or improper performance of official duty. . . ." *Black's Law Dictionary* (6th ed. 1991). There is no mention of misprision anywhere in the *Oak Hill Manor* opinion. The Eighth Circuit's opinion in *Zimmer* does not suggest that misprision was involved in that case.

Misprision was squarely before the trial court in this case. Nothing in the record supports even an inference, let alone a finding, that the trial court or counsel for a party in this case knew about the May 25, 2000, judgment on or before November 27, 2000, the date on which the 180-day period in Rule 4(b)(3) of our Rules of Appellate Procedure for extending the time for filing a notice of appeal would have expired. To this day, it does not

appear from the record that the trial court knows how or why the clerk's office entered an order granting Monumental's summary judgment motion on May 25, 2000. The decision reached today operates as if no misprision allegation was made or substantiated.

What is even more unsettling is that the majority opinion essentially imposes a 180-day limitations period from the date that a judgment is entered for raising and obtaining a trial court decision on a motion to vacate a judgment deemed tainted by misprisions of the clerk. The only time-sensitive aspect of Rule 60 applies to the ninety-day limitation on a trial court's power to correct errors or mistakes in judgments pursuant to Rule 60(b). By direct contrast, Rule 60(c) explicitly authorizes trial courts to vacate or modify judgments or orders "after the expiration of ninety (90) days after the filing of said judgment with the clerk of the court. . . ." Rule 60 was promulgated by the Arkansas Supreme Court. That court also promulgated Rule 4(b)(3) of our Rules of Appellate Procedure with its 180-day period for extending the time for filing a notice of appeal based on "a showing of failure to receive notice of the judgment, decree or order from which appeal is sought. . . ." Aside from the more fundamental question of justice, I do not understand why it makes sense to conclude that the supreme court intended parties prejudiced due to misprisions of the clerk to be limited to a 180-day period in which to seek relief given the total omission of such wording in the rule that the court adopted to address the misprisions possibility. If my colleagues in the majority believe it makes sense, their opinion does not explain how it does, let alone why it should.

The Arkansas Rules of Civil Procedure are intended to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Ark. R. Civ. P. 1 (2002). There is nothing just about denying litigants prejudiced by misprisions relief from judgments. I see no reason to hold that the trial court lacked jurisdiction to entertain appellants' motion to vacate the May 25, 2000, judgment. I certainly cannot hold that the trial court abused its discretion in granting appellants' motion to vacate that judgment upon appellants' allegation of misprisions of the clerk. Therefore, I would affirm as to the cross-appeal by Monumental.

*The trial court erred when it granted Monumental's motion for summary judgment because a genuine issue of material fact existed about whether James Barnett's death resulted from natural causes due to accidental injury within the meaning of the insurance contract*

The direct appeal is taken from the July 20, 2001, substitute order granting summary judgment to Monumental. The litigation arises from a claim for benefits under an accidental death or injury insurance policy issued by Monumental's predecessor in interest to James Barnett, deceased. The policy purported to provide accidental death or injury coverage, but contained the following exclusion: "*WE will not cover any claim arising out of bodily injury caused or contributed to by: . . . [6] disease or natural causes. . . .*" (Emphasis added.)

James Barnett was a thirty-nine-year-old logger. On April 18, 1989, Barnett died from a cardiopulmonary arrest suffered while he was manually stacking logs that had fallen into a roadway. Appellants made a claim for death benefits under the policy. Monumental denied their claim and alleged that Barnett died of natural causes rather than from an accidental cause as required by the insurance contract. Monumental relies on the death certificate for its position because the manner of death specified on the death certificate is "Natural" rather than "Accident."

After the claim was denied, appellants filed the initial complaint on November 3, 1992, alleging that Barnett's death was brought on by unusual strain and overexertion associated with manually stacking logs so as to be accidental within the terms of the insurance coverage. Appellants rely upon Barnett's previous medical history which did not include problems with heart disease and on the medical opinion of a Dr. J.S. Justus, the physician who certified the manner of death, as follows: "*At the onset of symptoms the patient was engaged in very heavy manual labor which in all likelihood [sic] caused this event. Mr. Barnett had no other risk factors or evidence of other disease. It is my feeling that this represented a sudden death episode most likely related to cardiac arrthymia which is associated with exertion.*" (Emphasis added.)

The trial court erred when it granted Monumental's motion for summary judgment because a genuine issue of material fact

existed regarding whether James Barnett died from natural causes or from an accidental cause within the meaning of the insurance contract. It has long been the law in Arkansas that causation is ordinarily a question of fact for the jury to decide. *First Commercial Trust Co. v. Rank*, 323 Ark. 390, 915 S.W.2d 262 (1996). Appellants produced a letter from Dr. Justus plus an affidavit from Dr. John Hall to support their contention that Barnett's death did not result from natural causes. Those documents stand in direct conflict with the death certificate information regarding how James Barnett died (whether from natural or accidental causes). Although a jury might not be persuaded by any evidence appellants introduce in support of their claim, summary judgment is not designed for assessing the probative strength of conflicting proof or expert opinions. That process is correctly done by the trier of fact after a trial on the merits.

Because I believe that the trial court properly exercised its discretion by vacating the judgment pursuant to Rule 60, I would affirm as to Monumental's cross-appeal. Because I believe the trial court erred by granting Monumental's motion for summary judgment, I would reverse as to the direct appeal.

A NDREE LAYTON ROAF, Judge, dissenting. I agree with the dissenting judges as to the reversal of this case on direct appeal, and concur in that portion of the dissenting opinion of Judge Griffen.

However, although I would likewise affirm on cross-appeal, I would do so on a different basis. First, I do not agree with the opinion of the other dissenting judge that *Oak Hill Manor v. Arkansas Health Serv. Agency*, 72 Ark. App. 458, 37 S.W.3 681 (2001), was wrongly decided. However, I would not dismiss this appeal based on *Oak Hill Manor*. Here, no one has taken responsibility for entry of an order some four years after the trial court indicated that it would grant summary judgment, and neither counsel was apparently aware that the four-year-old order had been entered. While this case is factually similar to *Oak Hill Manor*, it differs in several significant respects. In *Oak Hill Manor*, the trial court received the order in question and promptly signed and filed it. In later entering a duplicate order, the trial court

acknowledged the factual developments and concluded that it had signed and sent the order to be entered by the clerk and that no copies were sent to counsel.

Second, I note that the holding in *Oak Hill Manor* does not necessarily preclude relief under Rule 60(c)(3) for misprisions of the clerk, as in that case appellee sought relief under a separate provision of Rule 60. Third, the majority acknowledges in its footnote that "there is nothing to show that these irregularities were the fault of the clerk, rather than of the trial judge and the postal service." I agree with the majority that we do not know whether it was the fault of the clerk. In fact, a hearing was apparently never held on this issue. And in that regard, our case differs from *Oak Hill Manor*, where the facts surrounding the filing of the order were at least considered by the court and consequently presented to this court for our consideration. Certainly, in our case, appellees would not have complained below about the failure to have a hearing and establish who bore the fault because they were accorded the relief they sought from the trial court.

By reversing and dismissing the appeal, the majority has in essence, without knowing what happened below, determined that appellant would not be entitled to relief under Rule 60(c)(3). For four years after the trial court announced its decision, there was no order on record for appellant to discover, through diligence or otherwise, and there is no explanation in the record as to how these events transpired. It could very well have been due to misprision of the clerk, as the other dissenting judge suggests. Accordingly, I would affirm on cross-appeal rather than dismiss this appeal.

HART, J., joins.