Jimmie Lee BARNETT, Daniel Matthew Barnett,
and Mary Helen Barnett *v.*
MONUMENTAL GENERAL INSURANCE COMPANY

03-196                                              128 S.W.3d 803

Supreme Court of Arkansas
Opinion delivered November 13, 2003

*McHenry & McHenry Law Firm*, by: *Donna McHenry, Robert McHenry*, and *Greg Taylor*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Leigh Anne Shults* and *Stephanie M. Irby*, for appellee.

RAY THORNTON, Justice. On April 18, 1989, Jimmie Lee Barnett was helping pick up and stack logs that were blocking the road. Due to the unusual exertion that stacking entailed, he had a heart attack and died. At the time of his death due to cardiac arrest, Mr. Barnett had no known health problems. His family regarded his death as an accident and sent a claim to Monumental. Monumental denied the claim, contending that the policy did not cover death from natural causes and that a heart attack was a natural cause of death.

On November 23, 1992, Mr. Barnett's family [the Barnetts] filed a lawsuit against Monumental [Monumental] for payment of their claim. On July 14, 1995, Monumental filed a motion for summary judgment, arguing that the policy was unambiguous in excluding coverage of deaths pursuant to bodily injury caused or contributed to by disease or natural causes. The Barnetts responded that the insurance policy covered deaths caused by unusual strain placed on the body. On August 15, 1996, a hearing was held on Monumental's motion. On November 14, 1996, a second hearing was held in which the trial court ruled from the bench that summary judgment would be awarded to Monumental.

On May 25, 2000, a summary-judgment order dated October 2, 1996, was filed by the circuit clerk of Van Buren County. No notice of this filing was given to the parties and during the succeeding months of 2000, the attorneys corresponded with each other, but there is no indication that they had knowledge that an order dated October 2, 1996, had been filed on May 25, 2000. By the time the parties became aware that the order had been filed on May 25, 2000, the time for challenging that order had expired except for, among other reasons, misprision by the clerk or fraud pursuant to Rule 60 of the Arkansas Rules of Civil Procedure.

Upon petition by the Barnetts, the trial court vacated the order dated October 2, 1996, and filed on May 25, 2000 [hereinafter referred to as the May 25, 2000 order], by an order granted on May 11, 2001. The trial court then executed another summary-

judgment order that was filed on July 20, 2001. From this new order, the Barnetts filed a timely notice of appeal to our court of appeals. Monumental filed a notice of cross-appeal from the May 11, 2001 order that vacated the original May 25, 2000 summary-judgment order. The May 11, 2001 order is not included in the record on appeal.

On review by our court of appeals, the court, relying on *Oak Hill Manor v. Arkansas Health Servs. Agency*, 72 Ark. App. 458, 37 S.W.3d 681 (2001), concluded that the trial court lacked authority to set aside its original order and enter a new order. Based on this conclusion, the court dismissed the appeal. *Barnett v. Monumental General Ins. Co.*, 81 Ark. App. 23, 97 S.W.3d 901 (2003).

■ After entry of the court of appeals' opinion, we granted appellants' petition for review. Upon a petition for review, we consider a case as though it has been originally filed in this court. *Hisaw v. State Farm Mutual Automobile Ins. Co.*, 353 Ark. 668, 122 S.W.3d 1 (2003). On appeal, appellants argue that the trial court erred in ruling as a matter of law that Jimmie Barnett's death did not qualify as an accidental death within the life insurance policy's coverage. Appellee raises one point for our consideration in its cross-appeal.

■ ■ Before considering the merits of the appeal or cross-appeal, we must address a jurisdictional issue. Specifically, we must determine whether this appeal is properly before this court. The fundamental problem with the appeal and cross-appeal is that the record is incomplete. The May 11, 2001 order, which is critical to appellants' and cross-appellant's case, is not in the record.[1] Without this order, it is impossible for us to determine whether the trial court properly vacated the May 25, 2000 order. Additionally, without the May 11, 2001 order, the appellants' appeal, which was filed more than one year after the May 25, 2000 order was filed, is clearly untimely. An appellant has the responsibility for bringing forward a sufficient record to allow determi-

---

[1] We note that the May 11, 2001 order vacating the May 25, 2000 order is included in Monumental's addendum. However, Monumental notes in its addendum that the order is not in the record. Although our court of appeals granted Monumental's motion to supplement the record, and remanded the case to the trial court to settle the record the May 25, 2000 order remains absent from the record. We will not consider a document which is included in the addendum but is not in the record. *See Clark v. Pine Bluff Civil Service Comm.*, 353 Ark. 810, 120 S.W.3d 541 (2003).

nation of the issues. *Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997). We must dismiss an appeal when we are not presented with an adequate record for our review. *Id.* Because the May 11, 2001 order is not in the record, we are precluded from considering this appeal.[2]

Dismissed.

---

[2] Based on the incomplete record, we note that the court of appeals was also precluded from considering this appeal.