Patsy BREWER, d/b/a Jimmy Doyle Country Club *v.*
ALCOHOLIC BEVERAGE CONTROL DIVISION

CA 06-205                                            245 S.W.3d 719

Court of Appeals of Arkansas
Opinion delivered December 20, 2006

*Lynn Arthur Davis*, for appellant.

*Donald Richard Bennett*, for appellee.

Per Curiam. Appellee Alcoholic Beverage Control Division (ABC) found appellant guilty of allowing minors to consume alcoholic beverages, allowing minors to be present in a private club where no food service was available, and selling alcoholic beverages to a minor. Appellant was fined $2500, had her permit suspended for one week, and was placed on probation for one year. She appealed to the Pulaski County Circuit Court, which upheld the ABC's decision. Appellant has now appealed to this court. However, because appellant's notice of appeal was untimely and she failed to obtain a valid extension, we must dismiss the appeal.

The order of the Pulaski County Circuit Court upholding the ABC's decision was entered on October 27, 2005. Appellant's notice of appeal was due to be filed by Monday,

November 28, 2005. *See* Ark. R. App. P. – Civil 4(a) (2005) (declaring that the notice of appeal shall be filed within thirty days from the entry of the order appealed from). However, it was not filed until December 1, 2005. In the absence of a timely notice of appeal, this court has no jurisdiction to hear the appeal. *See generally Wandrey v. Etchison*, 363 Ark. 36, 210 S.W.3d 892 (2005); *Oak Hill Manor, LLC v. Ark. Health Servs. Agency*, 72 Ark. App. 458, 37 S.W.3d 681 (2001).

However, there is an additional circumstance to consider in this case. On December 27, 2005, appellant's counsel filed a "Motion To Enlarge Time For Filing Notice of Appeal." He stated that, "during this time frame and to the present day, "he was under the care of several doctors and "numerous drugs were administered . . . causing unavoidable delays in tending to [counsel's] mail to note the arrival of the signed order and delaying response thereto." He also stated that, during the same period, his computer malfunctioned "necessitating a new hard drive" and that all pleadings in the present case were lost. The trial court, with no objection from the ABC, entered an order on December 27, 2005, retroactively extending the time for filing the notice of appeal to December 1, 2005.

Arkansas Rule of Appellate Procedure – Civil 4(b)(3), as it was in effect in 2005, provided in pertinent part:

> Upon a showing of failure to receive notice of the judgment, decree or order from which appeal is sought and a determination that no party would be prejudiced, the circuit court shall, upon motion filed within 180 days of entry of the judgment, decree, or order, extend the time for filing the notice of appeal for a period of fourteen (14) days from the day of entry of the extension order.

While this rule clearly contemplates that an extension of time to file a notice of appeal may be granted where the appellant did not receive notice of a judgment being entered, it makes no provision for an extension in any other circumstances. *See In The Matter of the Adoption of Revised Rules of Appellate Procedure*, 321 Ark. 663, 900 S.W.2d 560 (1995), where our supreme court included the following reporter's note pertaining to Arkansas Rule of Appellate Procedure – Civil 4:

> Under Federal Rule 4, the trial court is empowered to extend the time for filing a notice of appeal upon a showing of excusable neglect. No such provision is included in [Arkansas's] Rule 4 for the reason that Arkansas has long considered the filing of a notice of

appeal as jurisdictional and unless timely filed, there can be no appeal. The Committee saw no need to change this settled rule of law.

*Id.* at 688 (citation omitted).

█ In the present case, appellant's counsel did not allege that he failed to receive notice of the judgment. Instead, twenty-seven days after the notice of appeal had been filed, counsel moved for an extension on the ground of "unavoidable casualty," stating the reasons previously mentioned. Under the language of Rule 4, such reasons did not warrant an extension.[1]

Because appellant's notice of appeal was untimely and no extension was properly granted, we have no jurisdiction of this case, and the appeal must be dismissed. *See Arkco Corp. v. Askew,* 360 Ark. 222, 200 S.W.3d 444 (2004) (dismissing an appeal where the trial court erroneously granted an extension of time to file a notice of appeal).

Dismissed.

---

[1] The ABC's lack of objection to the extension does not alter the outcome. The jurisdiction of our court cannot be conferred by consent. *See LaRue v. LaRue,* 268 Ark. 86, 593 S.W.2d 185 (1980).