Shane CALAWAY *v.* Barbara DICKSON

04-1091                                                  201 S.W.3d 927

Supreme Court of Arkansas
Opinion delivered January 31, 2005

*William C. Plouffe, Jr.,* for appellant.

*Compton, Prewett, Thomas & Hickey, L.L.P.*, by: *F. Mattison Thomas, III*, for appellee.

PER CURIAM. Appellant Shane Calaway appeals the denial of sanctions under Ark. R. Civ. P. 11 (2004) against Appellee Barbara Dickson. This case was submitted for decision on January 27, 2005. Upon reviewing the materials included in Mr. Calaway's abstract and addendum, it is apparent that the hearing held on appellant's motion for sanctions is not abstracted in accordance with our rules. Instead, a copy of the transcript from the Rule 11 hearing is improperly included in the addendum. Our rules clearly state that the addendum shall contain "true and legible photocopies of the order, judgment, decree, ruling, letter opinion, or Workers' Compensation Commission opinion from which the appeal is taken, along with any other relevant pleadings, documents, or exhibits essential to an understanding of the case and the Court's jurisdiction on appeal." Ark. Sup. Ct. R. 4-2(a)(8) (2004). The appellant's abstract of the transcript of testimony of witnesses and colloquies between the court and counsel should be included in the abstract. Ark. Sup. Ct. R. 4-2(a)(5).

Supreme Court Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief. The rule provides:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonably or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies , and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Ark. R. Sup. Ct. 4-2(b)(3) (2004).

We hereby order the appellant to submit a substituted brief that contains an abstract of the hearing denying his motion for Rule 11 sanctions. Appellant is directed to file the substituted brief within fifteen days from the entry of this order. Mere modifications of the original brief will not be accepted. *See* Ark. Sup. Ct. R. 4-2(b)(3). According to Rule 4-2(b)(3), if appellant fails to file a complying abstract and addendum within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

After service of the substituted brief on the appellee, the appellee shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the appellee's brief previously filed in this appeal.

Rebriefing ordered.