Benjamin F. LACKEY, Jr. *v.* Mark A. MAYS, et al.

CA 06-521                                            269 S.W.3d 397

Court of Appeals of Arkansas
Opinion delivered December 5, 2007

[Rehearing denied November 12, 2008.*]

---

\* ROBBINS and GRIFFEN, JJ., would grant rehearing in part.

*Callis L. Childs*, for appellant.

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Sarah E. Greenwood*, for appellee Mark A. Mays.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Michael J. Emerson*, for appellee Trent Properties, A Partnership, and Charles W. Trent.

D.P. MARSHALL JR., Judge. Benjamin Lackey, a Conway police officer, was involved in two automobile accidents in the span of about six weeks. He sued several of the parties involved in the accidents, and the litigation has continued for some time. Several years ago, Lackey petitioned the supreme court for a writ of *certiorari* or mandamus about a severance issue. *Lackey v. Bramblett*, 355 Ark. 414, 139 S.W.3d 467 (2003). The facts about the accidents are

recounted in detail in that opinion, which dismissed Lackey's petitions. Lackey's appeal comes now to this court on the merits. We do not reach the merits, however, because his briefs do not comply with our Rules. Ark. Sup. Ct. R. 4-2(b)(3). We describe the defects in Lackey's briefs in detail for two reasons: to give him a map for preparing compliant briefs and to remind the bar about our briefing rules.

This is not the first time that Lackey's briefs have been deficient. After he filed his first set of briefs in late 2006, Lackey moved to submit a substituted addendum, abstract, and brief to add inadvertently omitted and important material to his abstract and addendum. This court granted that motion. In due course, the Clerk rejected Lackey's substituted briefs because they did not comply with Arkansas Supreme Court Rule 4-2. The docket reflects that, in those briefs, Lackey incorrectly numbered his pages, failed to list the witnesses in the table of contents, and abstracted pleadings and other court papers instead of copying them in the addendum. In early 2007, Lackey moved again to file a substituted brief, addendum, and abstract, this time as separate bound documents. This court granted that motion.[1] The Clerk then accepted and filed Lackey's substituted briefs, which are the ones we have before us. They are still deficient. Here are the particulars.

▉ In his abstract, Lackey should have condensed impartially the hearings and testimony in the record that are necessary to our understanding of the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(5). He did not do so. First, Lackey italicized and bolded many words and phrases, embellishing the transcript rather than summarizing it without emphasis. Abstracting requires an even hand, not a thumb on the scale. Second, Lackey should have distilled the exchanges between the circuit court and the lawyers at the many hearings. Instead, Lackey's abstract of the hearings is mostly a retyped transcript of them. Third, Lackey retained the transcript's question-answer format throughout much of his abstract of the trial. This was wrong. The abstract must give the essence of each witness's testimony in an impartial first-person

---

[1] Here Lackey proceeded correctly. In a case with a long abstract or a voluminous addendum, it may make good sense to separate those reference materials from the rest of the brief. This is easily done with the addendum because it comes last in the brief, or next to last if counsel certifies service in the brief. Ark. Sup. Ct. R. 4-2(a)(8). Binding an addendum separately merely creates a multi-volume brief. This requires no motion. Binding an abstract by itself, however, departs from the prescribed order of contents for a brief. Ark. Sup. Ct. R. 4-2(a)(1)-(8). This kind of deviation requires a motion that shows good cause for this step.

narrative, the witness's story shorn of the immaterial details, redundancies, and hiccups that characterize testimony under questioning. The transcript's question-answer format must fall away — except in those instances where the exchange simply cannot be condensed without losing something important. Page after page of questions and answers does not hit this mark. Fourth, Lackey abstracted the documents admitted as exhibits at the hearings. This was wrong too. Since 2003, our Rules have not required that documents be abstracted. With one exception, all documentary exhibits should be copied in the addendum, with helpful identifying references in the abstract to those exhibits. The exception is for exhibits that are transcripts, such as the deposition transcripts in this case, and this brings us to the fifth mistake. Lackey mishandled the deposition transcripts: some of them are in the abstract, but they remain in question-answer format; and summaries of some depositions are in the addendum. This was a compound error. Transcripts — whether of testimony at trial or on deposition or of hearings — must be converted into an impartial first-person narrative in the abstract. Transcripts should not be in the addendum.

Lackey's addendum is unusual. He arranged the documents thematically by issue, rather than chronologically. His decision to organize his addendum in this way does not violate the letter of any Rule, but it concerns us nonetheless. This tactic makes it appear that Lackey is trying to persuade this court by organizing the documents to his advantage, giving emphasis by placement. The addendum — like the abstract — must be impartial. Arranging the documentary part of the record chronologically is the best practice.

■ Lackey's briefing errors extend beyond his abstract and addendum. Lackey titled his replacement briefs as "supplement" briefs. They are not supplements; they are substituted briefs. His informational statement and the statement of the case are argumentative, peppered with bolded, underlined, and italicized words. This was improper. The argument section of the brief is the only place for argument. Ark. Sup. Ct. R. 4-2(a)(6). Because Lackey designated less than the full trial record as the record on appeal, he was required to file a list of his points on appeal with his notice of appeal. Ark. R. App. P.–Civil 3(g). This filing gives the other parties the information they need to designate other parts of the record that they believe are material to Lackey's arguments for

reversal. Lackey's argument on appeal, however, includes at least one argument that he did not mention in the points he filed. This was likewise improper. *Jones v. Adcock*, 233 Ark. 247, 248, 343 S.W.2d 779, 780 (1961).

Given the prior opportunities to cure, Lackey's errors seem willful, not inadvertent. And we caution him about the possibility of sanctions for disregarding the briefing rules. *King v. State*, 312 Ark. 89, 91, 847 S.W.2d 37, 38-39 (1993). We order rebriefing and give Lackey thirty days to file an abstract, brief, and addendum that comply with the Rules. We will not extend this deadline except for some extraordinary reason. This case has been pending long enough. We direct Lackey's attention to the model abstract, brief, and addendum on the Arkansas Judiciary website — http://courts.state.ar.us/ — under Publications & Forms. The appellees shall have thirty days after Lackey files his opening substituted abstract, brief, and addendum to file substituted response briefs if they wish to do so. And Lackey may file a reply brief within fifteen days thereafter if the appellees file any such brief. (Because Lackey's missteps have required the appellees to file two briefs already, and perhaps a third, we will consider these circumstances in assessing brief costs if Lackey's appeal is affirmed on the merits.) If Lackey fails to correct his papers, then we will consider whether to affirm the judgment because of repeated noncompliance with the Rules. *Calaway v. Dickson*, 360 Ark. 463, 464-65, 201 S.W.3d 931, 932 (2005).

Rebriefing Ordered.

PITTMAN, C.J., and GRIFFEN, J., agree.