

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-12-953

| | |
|---|---|
| | **Opinion Delivered** August 28, 2013 |
| LORI ERWIN<br>APPELLANT | APPEAL FROM THE SCOTT<br>COUNTY CIRCUIT COURT<br>[NO. CV-2010-34] |
| V. | |
| SHELBY LEE FROST, INDIVIDUALLY<br>AND AS TRUSTEE OF THE DONALD<br>ROSS AND SHELBY LEE FROST<br>REVOCABLE LIVING TRUST<br>APPELLEE | HONORABLE DAVID H.<br>MCCORMICK, JUDGE<br><br>REBRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

Lori Erwin filed a complaint seeking to have a trust created by her late father and her stepmother declared irrevocable. The circuit court denied the request, and Erwin appealed that denial. We will not yet decide this appeal's merits because we must order rebriefing. There are two main hang-ups. One is Erwin's abstract, which is presented in question-and-answer format; Arkansas Supreme Court Rule 4-2(a)(5)(B) (2012) expressly forbids this. Second, Erwin's addendum contains the entire transcript of the proceedings below; Rule 4-2(a)(8) forbids that. An abstract and addendum can be deficient for containing too much material, as well as too little. *Am. Transp. Corp. v. Exch. Capital Corp.*, 84 Ark. App. 28, 129 S.W.3d 312 (2003). Though an addendum's particular contents are often a matter of judgment that poses no problem, we have expressly warned that

"[t]ranscripts—whether of testimony at trial or on deposition or of hearings—must be converted into an impartial first-person narrative in the abstract. Transcripts should not be in the addendum." *Lackey v. Mays*, 100 Ark. App. 386, 389, 269 S.W.3d 397, 399 (2007).

Erwin has fifteen days from this opinion's date to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4–2(b)(3). We strongly encourage Erwin to review the rules and ensure that no other deficiencies exist. A subsequent failure to timely correct all deficiencies in her appellant's brief may result in the circuit court's judgment being summarily affirmed. *See* Ark. Sup. Ct. R. 4–2(c)(2). After Erwin has served her substituted appellant's brief on Appellee Frost, then Frost may revise or supplement her appellee's brief if need be.

Rebriefing ordered.

GLADWIN, C.J., and WALMSLEY, J., agree.

*Hatfield & Sayre*, by: *Christopher D. Brockett* and *Eugene G. Sayre*, for appellant.

*Walters, Gaston, Allison & Parker*, by: *Troy Gaston*, for appellee.