SLIP OPINION



Cite as 2016 Ark. App. 461

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–954

| | |
|---|---|
| JOANNE AMY DOUGHTY<br>  APPELLANT/CROSS-APPELLEE<br><br>V.<br><br><br>RICHARD WILLIAM DOUGLAS<br>  APPELLEE/CROSS-APPELLANT | **Opinion Delivered:** October 5, 2016<br><br>APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26DR-2013-377-II]<br><br>HONORABLE VICKI SHAW COOK,<br>JUDGE<br><br>REBRIFING ORDERED;<br>MOTION TO CONSOLIDATE<br>GRANTED |

**RITA W. GRUBER, Judge**

The instant case is a companion case to CV–15–250, which we address by separate opinion today. Each case concerns custody of the minor child E.D., son of Joanne Amy Doughty and Richard William Douglas. This appeal, CV–14–954, arises from the October 6, 2014 order of the Circuit Court of Garland County that granted the parents joint custody of E.D. Ms. Doughty appeals pro se, raising five points. Mr. Douglas cross-appeals through his attorneys, raising four points. Each party's brief contains an improper abstract and is otherwise deficient. We order rebriefing on both direct appeal and cross-appeal.

E.D. was born in California on August 7, 2010. Ms. Doughty, E.D., and M.F.D., E.D.'s half-brother through Ms. Doughty, were living together in Hot Springs, Garland County, Arkansas, when this case was tried in late August and early September 2014. Mr.

Douglas was living in Australia, his country of residence. Each party was present for trial and was represented by counsel. Issues before the court included which parent should have final decision-making authority; how best to share parenting time; travel arrangements for E.D., including who should accompany him on travels between the two countries and whether a bond should be required; child support; and whether E.D.'s surname should be changed to reflect that of his father. The circuit court took judicial notice of "all testimony, exhibits, and findings" from "all previous hearings held in this matter" and "*Ferrara v. Doughty*, Garland County Circuit Court case number 26DR–13-973-II," which had determined custody of M.F.D. In the present case, Ms. Doughty informed the court at the beginning of trial that in October 2014, she and E.D. would be relocating to New Jersey, where M.F.D.'s father was living and where M.F.D. would attend kindergarten.

In the October 2014 "final" order that Ms. Doughty now appeals, the circuit court granted final decision-making authority to Mr. Douglas based on the ability of each party to coparent and to consider E.D.'s best interests. The court fashioned a unique physical-custody arrangement in which Mr. Douglas's parenting time would include academic years in Perth, Australia, anticipated to begin in February 2016 when E.D. would enter the first term of kindergarten there. Until such time that E.D. could fly alone, he was to be accompanied by Mr. Douglas on travels from Australia to the United States and by Ms. Doughty or a trusted family member from the United States to Australia. Mr. Douglas was to bear the cost of E.D.'s travel expenses, up to four round trips per year, and the parties were to bear their own airfare costs. Mr. Douglas was not required to post bond prior to E.D.'s traveling to Australia.

The court ordered Mr. Douglas to pay $27,810 in retroactive child support for September 2012 through March 2013, reflecting the total amount of six uncashed checks that had been returned to him. The court outlined the method to be used for calculating Mr. Douglas's 2014 and 2015 child support, allowing deductions from his 2013 and 2014 net earnings for his travel costs and fees that he had paid for the ad litem and her expert. Child support for 2016 was to be determined after consideration of each parent's net income, travel expenses, and counseling or services—to be provided by Mr. Douglas for E.D.'s benefit. Finally, the court found that changing E.D.'s name to E.D.D. was in the child's best interest, the final "D" standing for Douglas.

Ms. Doughty raises the following points. (1) The circuit court did not properly determine the best interest of the child when it split up her two young sons by 11,640 miles and removed E.D.D. from her primary custody. (2) The court violated her due-process rights, Arkansas Rules of Civil Procedure, and Arkansas Rules of Professional Conduct by routinely entering ex parte orders for Mr. Douglas's counsel and the attorney ad litem.[1] (3) "The circuit court violated due process and erred in confirming the attorney ad litem and her expert, Margarita Garcia, and allowing [Garcia's] testimony and participation," where they "were and still remain under investigation by the Arkansas Supreme Court Committee Office on Professional Conduct for unethical and egregious behavior, and where the attorney ad litem was not qualified to serve . . . and both she and Garcia should have been discharged" for failure to meet Arkansas Administrative Order No. 15's mandatory requirements and "for

_____

[1]We have paraphrased and shortened Ms. Doughty's first two points considerably.

conflict of interest, bias, and ex parte communications with the circuit court." (4) The court violated Ms. Doughty's civil rights under 42 U.S.C. and 18 U.S.C. by discriminating against her because of her gender, financial means, and former occupation as a lawyer. (5) Mr. Douglas's cross-appeal must be stricken because it was not timely filed.

Mr. Douglas presents the following points on cross-appeal. (1) The circuit court improperly accepted jurisdiction of this case under the Uniform Child Custody Jurisdiction and Enforcement Act. (2) The circuit court abused its discretion by awarding attorney's fees and costs to Ms. Doughty because they are contrary to statutory authority and the court's own findings. (3) Ms. Doughty's appeal should be dismissed for failure to file the record designated by both parties.

Because of deficiencies in the briefs of each party, we are unable to decide the merits of the case at this time. As a threshold matter, an appellant must designate and bring forward a sufficient record to allow determination of the issues on appeal. *Barnett v. Monumental Gen. Ins. Co.*, 354 Ark. 692, 694–95, 128 S.W.3d 803, 805 (2003); *see also* Ark. R. App. P.–Civ. 7 (2015). Arkansas Supreme Court Rule 4-2, entitled *Contents of Briefs*, directs an appellant to abstract "the material parts of all the transcripts . . . in the record." Ark. Sup. Ct. R. 4-2(a)(5) (2015). Information in a transcript is "material" if it is "essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." *Id.* "All material parts of all hearing transcripts, trial transcripts, and deposition transcripts must be abstracted, even if they are exhibits . . . ." Ark. Sup. Ct. R. 4-2(a)(5)(A). The abstract shall use a question-and-answer format only in "extraordinary situations where a short

exchange cannot be converted to a first–person narrative without losing important meaning." Ark. Sup. Ct. R. 4-2(a)(5)(B). The argument portion of a brief must refer to corresponding page numbers of the abstract or addendum. Ark. Sup. Ct. R. 4-2(a)(7). The brief's table of contents must list the contents of the addendum, which shall contain pleadings and other documents essential for us to confirm our jurisdiction, understand the case, and decide the issues on appeal. Ark. Sup. Ct. R. 4–2(a)(1)&(8).

Additionally, an appellant shall order from the reporter a transcript of such parts of the proceedings as have been designated in the notice of appeal. Ark. R. App. P.–Civ. 6(b). An appellant who contends that a finding or conclusion is unsupported by the evidence or is contrary thereto shall include in the record a transcript of all relevant evidence. *Id*. If the appellant has designated less than the entire record or proceeding, and if the appellee deems a transcript of other parts of the proceedings to be necessary, the appellee shall, within ten days after the filing of the notice of appeal, file and serve upon the appellant (and the court reporter if additional testimony is designated) a designation of the additional parts. *Id*. The appellant shall then direct the reporter to include in the transcript all testimony designated by appellee. *Id*.

Neither party has abstracted pretrial hearings in this case or any portion of the record in *Ferrara*, although the circuit court took judicial notice of those testimonies, exhibits, and findings. Furthermore, although several depositions were among those exhibits, none of that testimony has been abstracted. In the abstract portion of each party's brief, the testimony that does appear is improperly presented in question–and–answer form.

5

Only two of Ms. Doughty's points on appeal comply with our briefing requirement that they be listed "concisely and without argument." Ark. Sup. Ct. R. 4-2(a)(3). Although her abstract contains only the final hearing, she states in response to Mr. Douglas's third point that her "designation of record included more than enough of the record in this case for [our] review, including hearing transcripts."[2] Mr. Douglas's supplemental abstract includes an October 21, 2013 conference in which the circuit court accepted jurisdiction, and two hearings in May 2014 that addressed child support and the creation of a "mirror" order to be used in Australia reflecting the court's visitation order.

Ms. Doughty is ordered to include in her addendum the ad litem's response to the motion to disqualify, include in her addendum prior visitation and custody orders, and include in her abstract any testimony from prior hearings relevant to her points on appeal. Because a brief's table of contents "must reference page numbers of the addendum," Ark. Sup. Ct. R. 4-2(a)(1), she must number those pages legibly to ensure that the material can be located. Finally, chronological arrangement of the addendum's documents is the best practice. *See Lackey v. Mays*, 100 Ark. App. 386, 389, 269 S.W.3d 397, 399 (2007).

Mr. Douglas's cross-appeal has no addendum with supporting documentation for his point regarding attorney's fees and costs. He cites only pages of the record, noting that particular documents do not appear in Ms. Doughty's brief. As cross-appellant, however, it was his duty to include all documentation necessary to our understanding of the case and our

---

[2]According to the docket of the circuit court, there was a September 9, 2013 emergency hearing; a November 6, 2013 "other hearing"; a May 12, 2014 motion hearing; and a July 22, 2014 pretrial hearing.

decision of the issues that have been presented to us.

For these numerous reasons, we order rebriefing by each party. Each brief is to use proper abstracting form. Ms. Doughty is ordered to include in the record a transcript of all evidence that she deems relevant to the issues on appeal, which necessarily will include at least some of the testimony, exhibits, and findings from previous hearings in this case and in *Ferrara v. Doughty*. She is to state her points concisely and without argument. She is to abstract any testimony—including deposition testimony—relevant to the issues on appeal. Mr. Douglas is to create an addendum, including any documents missing from Ms. Doughty's addendum but relevant to his cross-appeal, to correctly abstract the testimony that is relevant to his points, and to otherwise correct deficiencies in the brief.

The deficiencies we have noted are not to be taken as an exclusive list. We remind each party that if the substituted brief is also deficient, the circuit court's order may be affirmed for noncompliance. Because of the magnitude of the shortcomings in her brief, Ms. Doughty is allowed thirty days from the date of this opinion to file a substituted brief complying with our rules. *See* Ark. Sup. Ct. R. 4–2(b)(3) (2015) (allowing fifteen days). The thirty-day deadline we have set is firm. Upon the filing of her substituted brief, Mr. Douglas will have fifteen days to file a substituted brief as appellee and as cross-appellant. Ms. Doughty then will be afforded an opportunity to file a response brief and a brief as cross-appellee if she so desires.

Our court previously passed to this panel Ms. Doughty's motion to consolidate CV-15-250 and CV-14-954. We grant the motion today; hereafter, the parties shall file their



briefs and any other pleadings under docket number CV–15–250.

Rebriefing ordered; motion to consolidate granted.

WHITEAKER and HOOFMAN, JJ., agree.

*Joanne Amy Doughty*, pro se appellant.

*Crawford Law Firm*, by: *Michael H. Crawford*; and *Kamps & Stotts, PLLC*, by: *Adrienne M. Griffis*, for appellee.