Cite as 2016 Ark. App. 95



# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–16–400

| | |
|---|---|
| IMODEL J. FRANKLIN and NATHAN B. FRANKLIN<br><br>APPELLANTS<br><br>V.<br><br>WALDRON NURSING CENTER, INC.; ESTATE OF THURMAN J. FRANKLIN BY AND THROUGH THE SPECIAL ADMINISTRATOR, DONALD GOODNER; RICHARD D. FRANKLIN; ARGIE N. NICHOLS; and SOUTH PARKS PROPERTIES, LLC<br><br>APPELLEES | **Opinion Delivered** February 15, 2017<br><br>APPEAL FROM THE SCOTT COUNTY CIRCUIT COURT [NO. 64CV-13-19]<br><br>HONORABLE TERRY SULLIVAN, JUDGE<br><br>REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Imodel Franklin and her son Nathan Franklin separately appeal the Scott County Circuit Court's order finding that Imodel had failed to present sufficient evidence to support the imposition of a constructive trust on certain real property she had conveyed from a family trust to South Parks Properties, LLC.[1] Imodel argues that the circuit court erred by not imposing a constructive trust because it was not her intention to transfer the real property to the limited liability company. In addition to the issues raised by Imodel, Nathan

---

[1]In her complaint and subsequent pleadings below, Imodel Franklin named Nathan Franklin as a defendant. Based on the style of the pleadings, when the record was lodged our clerk's office entered Nathan as an appellee. Nathan filed an appellee's brief. Based on the substance of Nathan's brief, we hereby realign the parties and deem him to be an appellant. He adopts Imodel's points on appeal and argues two additional points.

further argues that the court erred in entering a personal judgment against him for the cost of the nursing-home services, contending that the judgment should be in a representative capacity only.[2] He also argues that the court erred in not assessing costs against a party who presented false evidence. However, we do not address the issues raised due to deficiencies in appellants' abstracts, addendums, and briefs.

Arkansas Supreme Court Rule 4–2(a)(8) requires that an appellant's brief include an addendum consisting of all documents essential to this court's resolution of the issues on appeal, including exhibits. Imodel Franklin is the only appellant to include an addendum with her brief. Among the documents not included in the addendum are the court's letter opinions deciding the case, the deed conveying the property from the trust to the limited liability company, and the power of attorney Imodel was granted by her late husband, Thurman Franklin. Letter opinions are specifically required to be included in the addendum.[3] The deed is necessary because questions are raised concerning its validity due to alleged improper notarization.

Included in the addendum is a transcript attached to Nathan's posttrial brief of the trial testimony of two representatives of the nursing home. This testimony is also abstracted. This was improper because the testimony should be abstracted only and the transcripts should not be included in the addendum.[4]

---

[2]Waldron Nursing Center, Inc., has not filed a brief in this matter.

[3]Ark. Sup. Ct. R. 4–2(a)(8).

[4]*See Lackey v. Mays*, 100 Ark. App. 386, 269 S.W.3d 397 (2007).

Nathan Franklin's brief on appeal has no addendum with supporting documentation for his points regarding the personal judgment against him or that costs should have been assessed against appellee Argie Nichols.[5] As an appellant, it was his duty to include all documentation necessary to our understanding of the case and our decision of the issues that have been presented to us.[6]

We order Imodel Franklin and Nathan Franklin to submit substituted briefs, abstracts, and addenda correcting the above-referenced deficiencies within fifteen days. We encourage counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the substituted briefs, abstracts, and addenda comply with the rules and that no additional deficiencies are present. After service of the substituted briefs, abstracts, and addenda, appellees shall have an opportunity to revise or supplement their brief in the time prescribed by the clerk or to rely on the brief that they previously filed in this appeal.

Rebriefing ordered.

HARRISON and HIXSON, JJ., agree.

*Walters, Gaston, Allison & Parker, Attorneys at Law*, by: *Troy Gaston*, for appellant Imodel J. Franklin.

*Joel W. Price*, for appellant Nathan B. Franklin.

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellees Richard D. Franklin, Argie N. Nichols, and South Parks Properties, LLC.

---

[5]Nathan Franklin also did not include a separate addendum. He did, however, indicate that he adopted Imodel Franklin's abstract.

[6]*Doughty v. Douglas*, 2016 Ark. App. 461, 503 S.W.3d 848.