

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-17-403

|  |  |
|---|---|
| | **Opinion Delivered:** November 29, 2017 |
| ABSOLUTE CARE MANAGEMENT AND GUARANTEE INSURANCE COMPANY<br><br>APPELLANTS | |
| | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G507218] |
| V. | |
| LETHA STACY AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND<br><br>APPELLEES | REBRIEFING ORDERED |

### WAYMOND M. BROWN, Judge

Absolute Care Management and its insurer, Guarantee Insurance Company, appeal the decision of the Arkansas Workers' Compensation Commission (Commission) finding that appellee Letha Stacy was performing employment services when she was injured in a one-vehicle wreck. We do not reach the merits of appellants' argument due to deficiencies in the abstract, brief, and addendum. Therefore, we order rebriefing.

Arkansas Supreme Court Rule 4-2(a)(5)[1] provides that all material information provided in a transcript must be abstracted and that no more than one page of transcript shall be abstracted without giving a record page reference. Here, although appellants have abstracted testimony found on pages 77, 78, 103, and 105 of the record, they have failed to

---

[1](2016).

give the record page references. Additionally, appellants have given the wrong record pages

for testimony found on page three of the abstract.[2] Appellants correctly abstracted the

deposition testimony of Katharine Joplin, but they failed to give record page references.

Instead, they included a copy of the transcript of the deposition in the addendum and cited

to the addendum, which is also a violation of our rules. Transcripts, including depositions,

should not be in the addendum.[3]

Rule 4-2(a)(6) requires a concise statement of the case without argument. It also

mandates that the statement of the case include supporting page references to the abstract or

addendum or both. Here, appellants' statement of the case is replete with argument, which

is impermissible under our rules. The statement of the case provided by appellants does not

sufficiently include supporting page references to the abstract and/or addendum.

Rule 4-2(a)(7) provides that reference in the argument portion of the briefs to

material found in the abstract and addendum shall be followed by a reference to the page

number of the abstract or addendum at which such material may be found. Appellants have

failed to give reference page numbers throughout the argument to material found in the

abstract and/or addendum.

Finally, appellants have not followed Rule 4-2(a)(8), which requires the addendum

to include documents in the record on appeal that are essential for our court to confirm its

---

[2]Appellants have given record page references of 21 and 22 when the correct pages are 62 and 63 of the record. We also note that the record pages are out of order, and there is a coffee ring on page 62 of the record.

[3]*See Erwin v. Frost*, 2013 Ark. App. 440.

jurisdiction, to understand the case, and to decide the issues on appeal. The parties were ordered by the administrative law judge (ALJ) to submit post-hearing briefs, which they did. However, appellants have failed to include these briefs in the addendum.

Due to these deficiencies, we order rebriefing and direct appellants to file a substituted abstract, brief, and addendum that complies with our rules.[4] The substituted abstract, brief, and addendum shall be due fifteen days from the date of this order.[5] The deficiencies listed are not exhaustive, and appellants' counsel should carefully review the rules to ensure that no other deficiencies are present. Failure to file a complying abstract, brief, and addendum within the prescribed time may result in affirmance for noncompliance.[6]

Rebriefing ordered.

ABRAMSON and MURPHY, JJ., agree.

*Jason M. Ryburn*, for appellants.

One brief only.

---

[4]Ark. Sup. Ct. R. 4–2(b)(3).

[5]*Id.*

[6]*Id.*