Cite as 2019 Ark. App. 393

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.**  CV–18–865

|  |  |
|---|---|
| STACY DONALD ROBERTS<br>APPELLANT<br><br>V.<br><br>KENDRA CHRISTY ROBERTS<br>APPELLEE | **Opinion Delivered:** September 18, 2019<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26DR-13-1025]<br><br>HONORABLE LYNN WILLIAMS, JUDGE<br><br>REBRIEFING ORDERED |

## KENNETH S. HIXSON, Judge

Appellant Stacy Donald Roberts appeals from an order that awarded primary custody of the parties' two children to appellee Kendra Christy Roberts. For reversal, appellant contends that the trial court erred in finding that there had been a material change in circumstances since the previous award of joint custody, and further erred in finding that a custody change was in the children's best interest. We are precluded from reaching the merits of appellant's arguments, however, due to a deficient abstract. We therefore order rebriefing.

Arkansas Supreme Court Rule 4–2(a)(5) (2018) provides, in pertinent part:

(5) *Abstract*. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

. . . .

(B) *Form.* The abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material). The abstract must not reproduce the transcript verbatim. No more than one page of a transcript shall be abstracted without giving a record page reference. In abstracting testimony, the first person ("I") rather than the third person ("He or She") shall be used. The question-and-answer format shall not be used. In the extraordinary situations where a short exchange cannot be converted to a first-person narrative without losing important meaning, however, the abstract may include brief quotations from the transcript.

Rather than abstracting the bench trial in the first person, appellant reproduced the transcript in question-and-answer format. This is expressly prohibited, as the rule clearly mandates that "[t]he question-and-answer format shall not be used." Ark. Sup. Ct. R. 4-2(a)(5)(B). In *Lackey v. Mays*, 100 Ark. App. 386, 388−89, 269 S.W.3d 397, 398 (2007), we wrote:

> The abstract must give the essence of each witness's testimony in an impartial first-person narrative, the witness's story shorn of the immaterial details, redundancies, and hiccups that characterize testimony under questioning. The transcript's question-answer format must fall away—except in those instances where the exchange simply cannot be condensed without losing something important. Page after page of questions and answers does not hit this mark.

Due to appellant's failure to comply with our rules concerning abstracting, we order appellant to file a substituted abstract, addendum, and brief curing the deficient abstract within fifteen days from the date of entry of this order. Ark. Sup. Ct. R. 4-2(b)(3). After service of the substituted brief, appellee shall have the opportunity to file a responsive brief in the time prescribed by the clerk, or she may choose to rely on the brief previously filed in this appeal. While we have noted the above-mentioned deficiency, we encourage appellant's counsel to review Rule 4-2 in its entirety as it relates to the abstract and addendum, as well as the entire record, to ensure that no additional deficiencies are present, as any subsequent rebriefing order may result in affirmance of the order or judgment due to

noncompliance with Rule 4-2. *See* Ark. Sup. Ct. R. 4-2(b)(3); *see also Carter v. Cline*, 2011 Ark. 266 (per curiam).

Rebriefing ordered.

KLAPPENBACH and BROWN, JJ., agree.

*T. Clay Janske*, for appellant.

One brief only.