Cite as 2020 Ark. App. 387

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-542

| | |
|---|---|
| DAVID EVERSOLE **APPELLANT** <br><br> V. <br><br> RITA EVERSOLE **APPELLEE** | **Opinion Delivered** September 9, 2020 <br><br> APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63DR-16-61] <br><br> HONORABLE KENNETH CASADY, JUDGE <br><br> REBRIEFING ORDERED |

### N. MARK KLAPPENBACH, Judge

David Eversole appeals from the Saline County Circuit Court's order denying his motion for a change in custody as well as his motions for contempt and modification of child support. Eversole also appeals the circuit court's attorney-fee award to appellee Rita Eversole (now Miller). Due to deficiencies in Eversole's abstract, we cannot reach the merits of his appeal at this time.

As a threshold matter, an appellant must designate and bring forward a sufficient record to allow determination of the issues on appeal. *Doughty v. Douglas*, 2016 Ark. App. 461, 503 S.W.3d 848. Arkansas Supreme Court Rule 4-2 directs an appellant to abstract the material parts of all the transcripts in the record. Ark. Sup. Ct. R. 4-2(a)(5). Information in a transcript is material if it is "essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." *Id.*

Pursuant to Rule 4-2(b)(1), Miller has called several deficiencies to the court's attention. These include Eversole's failure to abstract counsels' opening and closing statements, the attorney ad litem's recommendations, the deposition testimony of the parties' coparenting counselor, and the circuit court's oral ruling. Eversole has also failed to adequately abstract the attorney's-fees hearing, where he has reduced thirty-five pages of transcript to less than one page of abstract. Miller also notes instances in which Eversole has failed to fully abstract the parties' testimony. These omissions render the abstract deficient.

In his reply brief, Eversole argues that Miller has waived the issue of a deficient abstract because she did not submit a supplemental abstract and did not identify the omitted material or state why it is important. The rule, however, states that an appellee who calls deficiencies to the court's attention has the option to provide a supplemental abstract. Ark. Sup. Ct. R. 4-2(b)(1). It is not required. Furthermore, Miller's brief does explain, in most instances, why the omitted information is material to the issues on appeal. Eversole claims that in *Brinker v. Forrest City School District No. 7*, 342 Ark. 646, 29 S.W.3d 740 (2000), the supreme court rejected the appellee's argument that the abstract was deficient because the appellee did not cite a specific deficiency and did not offer a supplemental abstract. However, the *Brinker* court actually held that the abstract was deficient for a reason not cited by the appellees, and it ordered the appellant to provide the omitted information. We do the same here.

Eversole is ordered to file a substituted abstract, addendum, and brief to conform to Rule 4-2 within fifteen days. Ark. Sup. Ct. R. 4-2(b)(3). The deficiencies we have noted are not to be taken as an exclusive list.

2

Rebriefing ordered.

GRUBER, C.J., and ABRAMSON, J., agree.

*Owings Law Firm*, by: *Steven A. Owings* and *Tamm B. Gattis*, for appellant.

*Hope, Trice, O'Dwyer & Wilson, P.A.*, by: *Kevin M. O'Dwyer* and *Christopher B. Arnold*, for appellee.