Cite as 2021 Ark. App. 70

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV–20–321

| | |
|---|---|
| THE WOODLANDS NURSING & RETIREMENT CENTER, INC. <br> APPELLANT <br><br> V. <br><br> DEQUEEN THERAPY & LIVING CENTER, INC.; KILGORE CONSULTING, INC., FORMERLY KNOWN AS VICTORIA HEALTH CARE, INC.; AND JOSH KILGORE <br> APPELLEES | **Opinion Delivered** February 17, 2021 <br><br> APPEAL FROM THE GARLAND CIRCUIT COURT <br> [NO. 26CV-17-487] <br><br><br> HONORABLE LYNN WILLIAMS <br><br> REBRIEFING ORDERED |

## BRANDON J. HARRISON, Chief Judge

The Woodlands Nursing & Retirement Center, Inc., appeals the Garland County Circuit Court's dismissal of its complaint with prejudice and the deemed denial of its posttrial motions. We do not reach the merit of the corporation's appellate arguments because its brief does not comply with the rules governing appeals that do not involve an electronic record.[1] We therefore order the appeal to be re-briefed.

Some examples of the deficiencies. In its abstract, Woodlands should have condensed the testimony contained in the February 2020 hearing and any other material testimony

---

[1]Our supreme court has changed the briefing rules for appeals involving an electronic record. *See In re Acceptance of Records on Appeal in Electronic Format and Elimination of the Abstracting and Addendum Requirements*, 2019 Ark. 213 (per curiam) (6 June 2019); *In re Acceptance of Records on Appeal in Electronic Format and Elimination of the Abstracting and Addendum Requirements*, 2020 Ark. 421 (per curiam) (17 December 2020). The citations to the rules in this opinion apply to cases in which a notice of appeal was filed before 1 June 2021 and that were otherwise not filed using the electronic-record pilot program.

included in the record. Ark. Sup. Ct. R. 4-2(a)(5)(A)–(B) (2020). It did not do so. The February 2020 hearing transcript spans twenty-eight pages, yet Woodlands's abstract is merely five sentences. And instead of stating what happened during the hearing in an impartial first-person narrative, Woodlands summarized certain arguments that the parties made to the circuit court.

Woodlands's addendum is also defective. Although the appellees submitted a supplemental addendum that contained a *transcript* of the February 2020 hearing and a *transcript* of Josh Kilgore's deposition testimony, *transcripts* do not comply with the abstracting rule. Testimony, no matter which party presents it and regardless of whether it comes from a trial, hearing, or deposition, must be converted into an impartial first-person narrative in the abstract. *Lackey v. Mays*, 100 Ark. App. 386, 389, 269 S.W.3d 397, 399 (2007); Ark. Sup.Ct. R. 4-2(a)(5)(A) & 4-2(a)(8)(A)(i).

There is another point of note. This case was decided on the appellees' collective motion to dismiss or, in the alternative, a motion for summary judgment. Nine exhibits were attached to the motion that ended the case; but Woodlands did not include all of the exhibits in the addendum. Additionally, Woodlands filed four complaints in this case; but the addendum includes an answer to only one of the four complaints. Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) requires an appellant to, among other things, include the answers or amended answers that were filed in the case, all exhibits concerning the order or ruling challenged, and any exhibit or other document in the record that is essential to understand and decide the appeal. In other words: if it is important to the case to include four

2

complaints, then it is likewise important to include the defending party's corresponding answers to the complaints.

Our list of deficiencies is not an exhaustive one, so we encourage Woodlands to review the rules and ensure that no other deficiencies exist. Woodlands has fifteen days from this opinion's date to file a substituted abstract, addendum, and brief that complies with the rules. Ark. Sup. Ct. R. 4–2(b)(3). The appellees may then file a substituted brief should they choose to do so. *Id.*

Rebriefing ordered.

WHITEAKER and MURPHY, JJ., agree.

*Tim Dudley*, for appellant.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan* and *Stephen C. Smith*, for appellees.