Cite as 2021 Ark. App. 487

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-645

| | | |
|---|---|---|
| ALVIN AIKENS | | **Opinion Delivered** December 8, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NOS. 60CR-10-300, 60CR-11-1407, 60CR-11-1807, 60CR-11-1087, 60CR-12-232, 60CR-13-1339, 60CR-13-2710, 60CR-14-1353, AND 60CR-11-1249] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; SUPPLEMENTAL ADDENDUM ORDERED |

## N. MARK KLAPPENBACH, Judge

Appellant Alvin Aikens appeals the denial of his motion to withdraw his guilty pleas. Appellant was charged with numerous felonies and misdemeanors in nine cases. Ultimately, appellant entered guilty pleas, and he was sentenced to thirty years in prison to be followed by a ten-year statutory enhancement for having used a firearm in one of the crimes.[1] Before

---

[1]The charges to which appellant pleaded guilty included simultaneous possession of drugs and firearms, possession of a controlled substance, theft by receiving, attempted residential burglary, three counts of fleeing, aggravated assault on a correctional employee, two counts of first-degree terroristic threatening, residential burglary, five counts of aggravated robbery, one statutory enhancement related to aggravated robbery, five counts of theft of property, and second-degree battery. The State dismissed several other charges and dismissed a pending revocation petition in another case.

the sentencing orders were filed of record, appellant filed a motion to withdraw his guilty pleas. Appellant cited Arkansas Rule of Criminal Procedure 26.1(b)(i) and (iii), contending that he was provided ineffective assistance of counsel, that he entered the guilty pleas without knowledge of the charges, and that his counsel misled him into accepting the guilty pleas by telling him that he would not be sentenced to serve more than twenty years of imprisonment. The circuit court denied appellant's motion, and this appeal followed.

We are unable to reach the merits of the appeal at this time. The appellate record contains, among other things, the sentencing orders, appellant's motions to withdraw his guilty pleas in each case and charge, and the circuit court's orders denying each of those requests to withdraw. The appellate record also contains transcripts of an omnibus hearing—the hearing at which appellant entered guilty pleas—and the sentencing hearing. What is not contained in the appellate record, however, are the written plea statements that appellant and his attorney signed. Those documents are repeatedly referenced during the hearing at which appellant entered guilty pleas. In the circuit court's order denying appellant's motion to withdraw his guilty pleas, the circuit court referenced those documents as material to the court's decision to reject appellant's motion to withdraw his guilty pleas. These documents are material to our consideration of the merits of this appeal.

If anything material to either party is omitted from the record, this court may direct that the record be settled and supplemented and that a supplemental record be certified and transmitted. Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)). Accordingly, we order the record to be settled and supplemented pursuant to Rule 6(e). In addition, we order supplementation of appellant's addendum pursuant to

Arkansas Supreme Court Rule 4–2(b)(4).[2]  Appellant has thirty calendar days to settle and supplement the record.  Appellant shall then have seven days from the date the supplemental record is lodged to file a supplemental addendum to his appellate brief. *See Pitchford v. City of Earle*, 2019 Ark. App. 135.

Remanded to settle and supplement the record; supplemental addendum ordered.

ABRAMSON and VIRDEN, JJ., agree.

*Craig Lambert*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[2]This appeal is governed by appellate briefing rules that existed before the elimination of the addendum requirement.  *See Woodlands Nursing & Ret. Ctr., Inc. v. DeQueen Therapy & Living Ctr., Inc.*, 2021 Ark. App. 70.